■ NYACK HOSPITAL et al., Respondents, v STATE FARM INSURANCE COMPANY, Appellant.—In an action to recover damages pursuant to the "no-fault" provisions of certain automobile liability insurance policies, the defendant appeals from so much of a judgment of the Supreme Court, Nassau County (Robbins, J.), dated September 23, 1987, as, upon granting those branches of the plaintiffs' motion for summary judgment on their eighth and ninth causes of action in an order of the same court dated September 25, 1986, is in favor of the plaintiffs and against them in the sum of $2,062 on the eighth cause of action and in the sum of $4,150 on the ninth cause of action.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the provisions of the order dated September 25, 1986, which granted those branches of the plaintiffs' motion which were for summary judgment on the eighth and ninth causes of action are vacated, and those branches of the plaintiffs' motion are denied.

The defendant has implicitly conceded that it failed to timely disclaim liability with respect to the eighth and ninth causes of action based on the alleged failure of the plaintiffs' assignors to notify it of the accidents underlying the disputed claims for "no-fault" insurance benefits (Insurance Law § 3420 [d]; see, Zappone v Home Ins. Co., 55 NY2d 131, 136). However, the record reveals the existence of issues of fact as to whether insurance policies were issued to the persons referred to in the eighth and ninth causes of action. Inasmuch as the defendant had no duty to disclaim or deny coverage on the ground that

there was simply no coverage *(see, Zappone v Home Ins. Co., supra,* at 139; *Irving M. Etkind M.D., P. C. v Allstate Ins. Co.,* 124 Misc 2d 779; *cf.,* 11 NYCRR 65.15 [f] [5])*, the Supreme Court erred when it granted the plaintiffs summary judgment on the eighth and ninth causes of action. Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.