■ UNITED STATES FIDELITY & GUARANTY, Respondent, v ERIC HOUSEY et al., Appellants, et al., Defendants.—In an action for a judgment, *inter alia,* declaring that the underinsured motorists coverage provision of an insurance policy issued by the plaintiff to the defendant Alvin Housey only applied to a 1976 Pontiac, the motor vehicle named in the insurance policy, the defendants Eric Housey and Alvin Housey appeal from an order of the Supreme Court, Westchester County (Delaney, J.), entered October 25, 1988, which granted the plaintiff's application to stay an arbitration proceeding between it and the defendant Eric Housey pending the resolution of the declaratory judgment action.

Ordered that the appeal by Alvin Housey is dismissed since he is not aggrieved by the order (CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Eric Housey; and it is further,

Ordered that the plaintiff is awarded one bill of costs payable by the defendants Eric Housey and Alvin Housey.

The motor vehicle insurance policy issued by the plaintiff United States Fidelity & Guaranty (hereinafter USF&G) to

the defendant Alvin Housey covering Alvin's 1976 Pontiac, specifically stated that it did "not provide Underinsured Motorists Coverage for bodily injury sustained by any person * * * while occupying, or when struck by, any motor vehicle owned by [the insured] or any family member which is not insured for this coverage under this policy".

On November 10, 1987, Alvin's son, the appellant Eric Housey, made a claim to recover damages for personal injuries against USF&G and demanded arbitration pursuant to the underinsured motorists protection under the USF&G policy. It was alleged that on June 7, 1985, Eric was injured while operating a motorcycle he owned and separately insured under a policy issued by the defendant Universal Underwriters Insurance Co. More than seven months after the filing of Eric's claim and demand for arbitration, USF&G commenced this declaratory judgment action on the ground that the underinsured motorists provision in the policy did not provide coverage to Eric under the circumstances of the accident. Thereafter, USF&G successfully moved for a stay of the arbitration proceeding between it and Eric Housey pending the outcome of the declaratory judgment action. We now affirm.

The appellant's contention that the application for a stay of arbitration was untimely under CPLR 7503 (c) lacks merit. A stay application may be entertained after the statutory time period in CPLR 7503 (c) on the basis that the parties never agreed to arbitrate a claim for which no coverage was provided (see, Matter of Continental Ins. Co. v Sarno, 128 AD2d 870; see also, Matter of Matarasso [Continental Cas. Co.], 56 NY2d 264). Further, with respect to the claim of noncoverage, it is irrelevant that USF&G failed to timely disclaim liability (see, Zappone v Home Ins. Co., 55 NY2d 131; Nyack Hosp. v State Farm Ins. Co., 150 AD2d 659). Thompson, J. P., Brown, Lawrence and Eiber, JJ., concur.