■ In the Matter of AETNA CASUALTY & SURETY COMPANY, Appellant, v MARY CARTIGIANO, Respondent.—In a proceeding pursuant to CPLR 7503 to stay arbitration of an underinsured motorist claim, the petitioner Aetna Casualty & Surety Company appeals from an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered January 18, 1991, which, upon reargument, vacated a prior order of the same court dated August 30, 1990, staying arbitration pending an evidentiary hearing on the issue of whether the respondent is a "family member" as defined by the subject insurance policy, and dismissed the petition to stay arbitration.

Ordered that the order entered January 18, 1991, is reversed, on the law, with costs, the order dated August 30, 1990 is reinstated, and the matter is remitted to the Supreme Court, Nassau County for a hearing in accordance therewith.

The respondent Mary Cartigiano was injured when the vehicle in which she was riding hit a utility pole. After settling her claim against the driver of the vehicle, Cartigiano demanded arbitration of her claim for underinsured motorist benefits under the automobile insurance policy issued by the

petitioner Aetna Casualty & Surety Company (hereinafter Aetna) to her son-in-law, who was not involved in the accident. Aetna agreed to select an arbitrator and scheduled Cartigiano's deposition. Thereafter, Aetna commenced this proceeding to permanently stay arbitration, contending that Cartigiano's deposition testimony established that she was not a "family member" as defined by the policy because she did not reside in her son-in-law's household. By order dated August 30, 1990, the court stayed arbitration pending a hearing on the issue of whether the respondent was a "family member" as defined by the subject insurance policy. Thereafter, upon granting Cartigiano's application for reargument, the court dismissed the petition as untimely and Aetna appealed.

We find that the court erred in dismissing the petition without a hearing. Whether Cartigiano is an insured under her son-in-law's policy presents a factual issue that must be determined by an evidentiary hearing as a condition precedent to arbitration (see, Matter of Fireman's Fund Ins. Co. v Freda, 156 AD2d 364). Although Aetna failed to commence this proceeding within the statutory time period (see, CPLR 7503 [c]), a stay application filed after the statutory time period may be entertained where it is based on the contention that the parties did not agree to arbitrate a claim for which no coverage was provided under the policy (see, Matter of Matarasso [Continental Cas. Co.], 56 NY2d 264; United States Fid. & Guar. v Housey, 162 AD2d 523). Aetna contends that since Cartigiano is not a "family member", the parties did not agree to arbitrate her claim. Coverage of an additional insured cannot be attained by waiver (see, Schiff Assocs. v Flack, 51 NY2d 692) and Aetna did not forfeit its right to raise this issue by its selection of an arbitrator. Mangano, P. J., Lawrence, Rosenblatt and O'Brien, JJ., concur.