■ In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, v BETTY LYNN HEHL, Respondent. [612 NYS2d 602] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an underinsured motorist claim, the petitioner appeals (1) from an order of the Supreme Court, Nassau County (Christ, J.), dated August 8, 1991, which dismissed the proceeding and directed the parties to proceed to arbitration, and (2) from so much of an order of the Supreme Court, Nassau County (Christ, J.), dated June 24, 1992, as, upon denying that branch of the petitioner's motion which was for

leave to reargue, and upon granting that branch of the motion which was for leave to renew, adhered to its prior determination dismissing the proceeding.

Ordered that the appeal from the order dated August 8, 1991, is dismissed, as that order was superseded by the order dated June 24, 1992, made upon renewal; and it is further,

Ordered that the order dated June 24, 1992, is reversed insofar as appealed from, on the law, and, upon renewal, the petition for a permanent stay of arbitration is granted; and it is further,

Ordered that the order dated August 8, 1991, is vacated; and it is further,

Ordered that the appellant is awarded one bill of costs.

While a passenger in her grandmother's automobile, the respondent Betty Lynn Hehl was injured in an automobile accident in Florida. Hehl filed a claim for underinsured motorist benefits under the automobile insurance policy issued by the petitioner Government Employees Insurance Company (hereinafter GEICO) to Allyn Shepard. At the time of the accident, Hehl resided with Shepard and her mother Marie Hehl. Hehl asserted that she was entitled to coverage since her mother was listed as an additional insured/driver on the policy. However, the reconstructed declaration page of the insurance policy listed only Shepard as an insured. Further, the uninsured/underinsured provision defined an insured as follows: "(a) you; (b) your relatives if residents of your household; (c) any person designated as an insured in the declarations; (d) any other person while occupying an insured auto; and (e) any person who is entitled to recover damages because of bodily injury sustained by an insured under (a), (b), (c) or (d) above". Since Betty Lynn Hehl does not qualify as an insured under the uninsured/underinsured provision, she is not covered by Shepard's policy and is not entitled to proceed to arbitration (see, Matter of Continental Ins. Co. v Sarno, 128 AD2d 870).

Further, the appellant's contention that the application for a stay of arbitration was untimely under CPLR 7503 (c) lacks merit. A stay application may be entertained after the statutory time period in CPLR 7503 (c) on the basis that the parties never agreed to arbitrate a claim for which no coverage was provided (see, Matter of Matarasso [Continental Cas. Co.], 56 NY2d 264, 267; United States Fid. & Guar. v Housey, 162 AD2d 523, 524). Moreover, with respect to the claim of noncoverage, it is irrelevant that GEICO failed to timely disclaim

liability *(see, Zappone v Home Ins. Co.,* 55 NY2d 131, 135; *Nyack Hosp. v State Farm Ins. Co.,* 150 AD2d 659). Mangano, P. J., Bracken, Balletta and Hart, JJ., concur.