■ In the Matter of the Arbitration between TRAVELERS INSURANCE COMPANY, Appellant, and MAVIS BROWN, as Administratrix of the Estate of CRAIG BROWN, Deceased, Respondent. [616 NYS2d 46] —Judgment (denominated an order), Su-

preme Court, New York County (Robert Lippmann, J.), entered on or about April 15, 1993, which denied petitioner insurer's application to stay arbitration of respondent insured's uninsured motorist claim, unanimously affirmed, with costs.

There is no merit to petitioner's argument that its application for a stay should be entertained notwithstanding its failure to move within the 20-day period prescribed by CPLR 7503 (c) since under the "Other Insurance" provision of the subject policy there was no coverage for respondent's uninsured motorist claim and thus no agreement to arbitrate such a claim. Unlike *Matter of Matarasso (Continental Cas. Co.)* (56 NY2d 264), where the policy contained no arbitration clause at all, or *Matter of Aetna Cas. & Sur. Co. v Cartigiano* (178 AD2d 472), where there was an issue whether the claimant was an insured under the policy, here there is a broadly drafted arbitration clause in the policy and it is undisputed that the decedent's estate is a proper claimant under it. If coverage of the claim is indeed a threshold issue to be resolved by the court, there is no reason for holding that it need not have been raised within the prescribed 20-day period. Concur —Sullivan, J. P., Carro, Ellerin, Asch and Tom, JJ.