■ In the Matter of FRED B. SCHILLING, Deceased. [644 NYS2d 906] —Appeal by William O. Cave from stated portions of an order of the Surrogate's Court, Nassau County (Radigan, S.), dated May 10, 1995.

Ordered that the order is affirmed insofar as appealed from, with costs payable by William O. Cave, for reasons stated by Surrogate Radigan in his memorandum decision at the Surrogate's Court. Sullivan, J. P., Santucci, Joy and Hart, JJ., concur.

■ In the Matter of UNITED COMMUNITY INSURANCE COMPANY, Respondent, v EMANUEL GABRIEL, Appellant. [645 NYS2d 82] —In a proceeding pursuant to CPLR 7503 to stay arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Kings County (Golden, J.), dated May 2, 1995, which granted the petition only to the extent of directing a framed issue hearing on the issue of whether the underlying occurrence and injury was the result of an assault or a motor vehicle accident.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

We reject the appellant's contention that the stay of arbitration should have been denied because the application was made more than 20 days after service of his demand to arbitrate (*see,* CPLR 7503 [c]). A stay application filed after the statutory time period may be entertained where it is based on the contention that the parties did not agree to arbitrate a claim for which no coverage was provided under the policy (*see, Matter of Matarasso [Continental Cas. Co.]*, 56 NY2d 264; *Matter of Aetna Cas. & Sur. Co. v Cartigiano*, 178 AD2d 472). Here, the petitioner United Community Insurance Company is claiming that the respondent's injuries occurred as a result of an assault rather than a motor vehicle accident, and thus, there was no coverage. Accordingly, the Supreme Court properly directed a hearing on this issue (*see, Matter of Aetna Cas. & Sur. Co. v Cartigiano, supra*). Mangano, P. J., Thompson, Florio and McGinity, JJ., concur.