■ In the Matter of EAGLE INSURANCE COMPANY, Appellant, v ESTHER PEREZ, Respondent. EVE CONSOLIDATED BUS ENTERPRISE, INC., et al., Proposed Additional Respondents. [750 NYS2d 640] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Garry, J.), dated April 25, 2002, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, with costs, the petition is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a hearing in accordance herewith.

In February 1999 the respondent, Esther Perez, was allegedly injured in a one-vehicle accident. Perez claims that she sustained injuries while she was a passenger escorting her husband in an ambulette operated by the proposed additional respondent Eve Consolidated Bus Enterprise, Inc.

In January 2002 Perez made a demand for arbitration of her claim for uninsured motorist benefits pursuant to an automobile insurance policy issued by the petitioner, Eagle Insurance Company (hereinafter Eagle), to Hector Dilan (hereinafter the Dilan policy). In March 2002 Eagle brought this petition to stay the arbitration. Eagle argued that Perez was not a covered person under the Dilan policy, and thus, she had no viable uninsured motorist claim. In opposition, Perez argued that Eagle's petition was untimely pursuant to CPLR 7503 (c) because it was brought more than 20 days after Eagle received the demand for arbitration. The Supreme Court denied the petition without explanation. We reverse.

The Supreme Court erred in denying the petition without a hearing. It is not clear from the record whether Perez is a covered person under the Dilan policy. Accordingly, there is a factual issue which should be resolved by an evidentiary hearing as a condition precedent to arbitration (*see Matter of Aetna Cas. & Sur. Co. v Cartigiano,* 178 AD2d 472; *Matter of Fireman's Fund Ins. Co. v Freda,* 156 AD2d 364). Although Eagle failed to commence this proceeding within the statutory time period (*see* CPLR 7503 [c]), a stay application filed after the statutory time period may be entertained where, as here, it is based on the contention that the parties did not agree to arbitrate a claim for which no coverage was provided under the policy (*see Matter of Matarasso [Continental Cas. Co.],* 56 NY2d 264; *Matter of United Community Ins. Co. v Gabriel,* 229 AD2d 444; *United States Fid. & Guar. v Housey,* 162 AD2d 523). In other words, if Perez is not an insured under the policy, no agreement to arbitrate existed between her and Eagle (*see Matter of State Farm Mut. Auto. Ins. Co. v Mandala,* 284 AD2d 472; *Matter of Aetna Cas. & Sur. Co. v Cartigiano, supra*). Santucci, J.P., Feuerstein, O'Brien and Luciano, JJ., concur.