■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v HUMELLA EASTMAN, Respondent. [782 NYS2d 99]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Queens County (Thomas, J.), dated September 25, 2003, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, with costs, the petition is granted, and arbitration of the uninsured motorist claim is permanently stayed.

The automobile liability policy issued by the petitioner State Farm Mutual Automobile Insurance Company (hereinafter State Farm) did not exist on the date of the accident in which the respondent Humella Eastman claims to have been injured. It was not until 21 days after the accident that Eastman first obtained uninsured motorist coverage from State Farm. Under these circumstances, it is clear that the parties never agreed to arbitrate any claim arising out of the accident. The Supreme Court, therefore, should have granted State Farm's petition to permanently stay arbitration of the uninsured motorist claim, even though the proceeding was commenced beyond the 20-day deadline set forth in CPLR 7503 (c) (*see Matter of Matarasso v Continental Cas. Co.*, 56 NY2d 264, 267 [1982]; *see also Matter of Liberty Mut. Ins. Co. v Panetta*, 187 AD2d 719, 720 [1992]; *Nassau Ins. Co. v Manzione*, 112 AD2d 408, 409-410 [1985]). Altman, J.P., Crane, Fisher and Lifson, JJ., concur.