■ In the Matter of CONTINENTAL CASUALTY COMPANY, Appellant, v TIBOR LECEI, Respondent. [850 NYS2d 76]—

Order and judgment (one paper), Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered August 23, 2006, denying petitioner's application to stay arbitration under the supplemental underinsured motorist provision of a policy issued to respondent's employer, and dismissing the petition, unanimously reversed, on the law, without costs, the petition reinstated and the matter remanded for a hearing on the issue of whether respondent was "occupying" the truck at the time of the accident.

Indisputably, respondent is not a named insured under the policy issued by petitioner to Welsbach Electric Corp., respondent's employer. Accordingly, for purposes of supplementary uninsured/underinsured motorist (SUM) coverage, respondent is an insured who is entitled to coverage, and to demand arbitration of disputes with the insurer involving the amount of payment that may be owing under such coverage, only if he was "occupying" the Welsbach truck within the meaning of the policy. The parties offer radically different accounts of the facts relating to respondent's actions at the time of the accident. Suffice it to say, under respondent's version of the facts he was "occupying" the truck (and thus is an insured who is entitled, inter alia, to demand arbitration), but under petitioner's version of the facts he was not "occupying" the truck (and thus has no rights under the policy, let alone the right to demand arbitration).

In *Matter of Aetna Cas. & Sur. Co. v Cartigiano* (178 AD2d 472 [1991]), Cartigiano demanded arbitration of her claim for underinsured motorist benefits under a policy issued by Aetna to her son-in-law. Aetna brought a proceeding to stay the

arbitration pursuant to CPLR 7503 on the ground that Cartigiano's deposition had established she was not a "family member" within the meaning of the policy because she did not reside in her son-in-law's household and thus was not an insured. Aetna's petition was dismissed as untimely and the Second Department reversed, reasoning as follows: "We find that the court erred in dismissing the petition without a hearing. Whether Cartigiano is an insured under her son-in-law's policy presents a factual issue that must be determined by an evidentiary hearing as a condition precedent to arbitration (see Matter of Fireman's Fund Ins. Co. v Freda, 156 AD2d 364). Although Aetna failed to commence this proceeding within the statutory time period (see, CPLR 7503 [c]), a stay application filed after the statutory time period may be entertained where it is based on the contention that the parties did not agree to arbitrate a claim for which no coverage was provided under the policy (see Matter of Matarasso [Continental Cas. Co.], 56 NY2d 264; United States Fid. & Guar. v Housey, 162 AD2d 523). Aetna contends that since Cartigiano is not a 'family member', the parties did not agree to arbitrate her claim. Coverage of an additional insured cannot be attained by waiver (see [Albert J.] Schiff Assoc.[ ] v Flack, 51 NY2d 692) and Aetna did not forfeit its right to raise this issue by its selection of an arbitrator" (178 AD2d at 473). Accordingly, the Second Department remanded for a hearing on the issue of whether Cartigiano was a "family member" (id.).

Cartigiano is persuasive and we therefore remand for a hearing on the issue of whether respondent was "occupying" the truck at the time of the accident. As petitioner argues, if it can be compelled to arbitrate SUM coverage even if respondent was not "occupying" the truck at the time of the accident, it can be compelled to arbitrate SUM coverage even if its investigation had shown that respondent was injured after falling inside his home.

Supreme Court's and respondent's reliance on Matter of Steck (State Farm Ins. Co.) (89 NY2d 1082 [1996]) is misplaced. That case supports petitioner's argument, and the holding in Cartigiano, precisely because petitioner's argument "relates to whether . . . the parties have agreed to arbitrate" (89 NY2d at 1084). Concur—Mazzarelli, J.P., Friedman, Williams, McGuire and Malone, JJ.