█ In the Matter of INTERBORO INSURANCE COMPANY, Appellant, v PATRICK MARAGH, Respondent. [858 NYS2d 391]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Queens County (Rios, J.), entered August 13, 2007, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, with costs, the petition is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a hearing in accordance herewith and a new determination of the petition thereafter.

The petitioner Interboro Insurance Company (hereinafter Interboro) commenced this proceeding, inter alia, to permanently stay arbitration of an uninsured motorist claim by the respondent Patrick Maragh on the ground that Maragh was not a covered person under its policy and therefore, no agreement to arbitrate existed.

On July 4, 2004 Maragh was involved in an accident when, while riding a motor scooter, he was struck by a motor vehicle owned and operated by nonparty Florida resident Donald M. Johnson. Johnson's vehicle, which was registered in the State of Florida, was insured under a policy of insurance issued by nonparty Ocean Harbor Casualty Insurance Company (hereinafter Ocean Harbor), a Florida-based insurer. Maragh received a letter dated November 16, 2004 from Ocean Harbor's managing general agent, advising him that Johnson's policy did not contain bodily injury coverage.

By letter dated April 1, 2005, Maragh made a demand on Interboro for arbitration of an uninsured motorist claim (hereinafter the 2005 demand) under a policy of insurance (hereinafter the subject policy) issued by Interboro to his mother Deloreta Chouquette. It is undisputed that at the time the 2005 demand

was sent, Interboro was in rehabilitation pursuant to an order of the Supreme Court, Nassau County, dated April 5, 2004.

On April 26, 2007, after emerging from rehabilitation, Interboro received another copy of the 2005 demand from Maragh. On May 11, 2007 the petitioner commenced this proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of Maragh's uninsured motorist claim. The Supreme Court denied the petition, concluding that the proceeding was untimely commenced pursuant to CPLR 7503 (c). We disagree.

An insurer which fails to seek a stay of arbitration within 20 days after being served with a notice of intention or demand to arbitrate under CPLR 7503 (c) is generally precluded from objecting to the arbitration thereafter (*see Matter of Steck [State Farm Ins. Co.],* 89 NY2d 1082, 1084 [1996]; *Matter of State Farm Ins. Co. v Williams,* 50 AD3d 807 [2008]; *Matter of Spychalski [Continental Ins. Cos.],* 45 NY2d 847, 849 [1978]; *Matter of Standard Fire Ins. Co. v Mouchette,* 47 AD3d 636 [2008]; *Matter of Travelers Prop. Cas. Corp. v Klepper,* 275 AD2d 234 [2000]). However, an otherwise untimely petition to stay arbitration may be entertained when, as here, its basis is that the parties never agreed to arbitrate (*see Matter of Matarasso [Continental Cas. Co.],* 56 NY2d 264 [1982]).

In this case, Interboro raised a factual issue through sworn statements of Chouquette, its named insured, who denied that Maragh, her son, was a resident of her household at the time of the accident. In a surreply affidavit submitted in opposition, Maragh averred that he resided with his mother at that time. The provision of the subject policy for uninsured motorists coverage defines an "insured" as the named insured or any "family member," the latter being defined as "a person related to [a named insured] by blood . . . who is a resident of [the named insured's] household." Resolution of the factual issue as to whether Maragh was an insured under the subject policy is a condition precedent to arbitration (*see Matter of Eagle Ins. Co. v Perez,* 299 AD2d 544, 545 [2002]; *Matter of Aetna Cas. & Sur. Co. v Cartigiano,* 178 AD2d 472 [1991]). Further, if Maragh was not an insured under the subject policy, then no agreement to arbitrate existed between him and Interboro, and the 20-day time limit set forth in CPLR 7503 (c) is inapplicable (*see Matter of Eagle Ins. Co. v Perez,* 299 AD2d at 545; *Matter of State Farm Mut. Auto. Ins. Co. v Mandala,* 284 AD2d 472, 473 [2001]; *Matter of Aetna Cas. & Sur. Co. v Cartigiano,* 178 AD2d at 472). Accordingly, the matter must be remitted to the Supreme Court, Queens County, for a hearing on the issue of whether Maragh

resided with Chouquette at the time of the accident and thus was covered by the subject policy, and thereafter, for a new determination of the petition to stay arbitration.

To the extent that the petitioner raises issues regarding that branch of the petition which was for prearbitration discovery, we note that such issues are not properly before us as that branch of the motion remains pending and undecided (*see Katz v Katz,* 68 AD2d 536, 542-543 [1979]).

The petitioner's remaining contentions need not be reached in light of our determination. Prudenti, P.J., Miller, Carni and Chambers, JJ., concur.