■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v ARJETA MARKE, Respondent. [996 NYS2d 71]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an underinsured motorist claim, the petitioner appeals from an order of the Supreme Court, Kings County (Schack, J.), dated November 4, 2013, which denied the petition as untimely.

Ordered that the order is reversed, on the law, with costs, and the petition is granted.

On October 27, 2011, the respondent, a pedestrian, was hit by a vehicle insured by Farmers Insurance Company for $100,000

per person and $300,000 per accident. The operator of the vehicle, Bilal A. Abowath, was insured by the petitioner Allstate Insurance Company (hereinafter Allstate) for $25,000 per person and $50,000 per accident. The Allstate policy contained a supplemental uninsured/underinsured motorist (hereinafter SUM) endorsement. The SUM endorsement contained an arbitration clause for claims made by an insured. The respondent brought claims against both insurance carriers, and recovered $100,000 from Farmers Insurance Company.

The respondent served Allstate with a notice of intention to arbitrate her claim, dated November 30, 2012, which was delivered on December 3, 2012. In a demand for arbitration filed with the American Arbitration Association, the respondent specified that her claim was for SUM benefits.

Allstate commenced this proceeding to permanently stay arbitration of the claim by filing a petition dated March 4, 2013. The respondent asserted that the petition was untimely under CPLR 7503 (c), because it was filed more than 20 days after Allstate was served with and received the notice of intention to arbitrate. The Supreme Court denied the petition on the ground that the proceeding was commenced more than 20 days after Allstate received a demand for arbitration.

The Supreme Court erred in denying the petition as untimely. Where there is no agreement to arbitrate, a petitioner seeking a stay of arbitration is not bound by the 20-day period of limitations set forth in CPLR 7503 (c) (*see Matter of Commerce & Indus. Ins. Co. v Nester*, 90 NY2d 255, 262 [1997]; *Matter of Matarasso [Continental Cas. Co.]*, 56 NY2d 264, 267 [1982]). Here, there was no agreement to arbitrate because the respondent was not an insured within the meaning of the SUM endorsement (*see Matter of Interboro Ins. Co. v Maragh*, 51 AD3d 1024, 1025 [2008]; *see also Matter of State Farm Mut. Auto. Ins. Co. v Waite*, 68 AD3d 1006 [2009]). The SUM endorsement of the policy defines an insured, inter alia, as an occupant of a vehicle operated by the named insured (*see* 11 NYCRR 60-2.3 [f]). Contrary to the respondent's contention, she could not be considered an insured under the SUM endorsement on the ground that she was "occupying" the vehicle operated by the named insured (*see Matter of Rice v Allstate Ins. Co.*, 32 NY2d 6 [1973]; *cf. Rowell v Utica Mut. Ins. Co.*, 77 NY2d 636 [1991]; *Rosado v Hartford Fire Ins. Co.*, 71 AD3d 860 [2010]; *Faragon v American Home Assur. Co.*, 52 AD3d 917 [2008]; *Matthews v Continental Cas. Co.*, 39 Misc 3d 1216[A], 2013 NY Slip Op 50630[U] [Sup Ct, NY County 2013]). Since the respondent was not an insured under the SUM endorsement of the

policy, no agreement to arbitrate her claim existed, and the 20-day period of limitations set forth in CPLR 7503 (c) did not apply (*see generally Matter of Matarasso [Continental Cas. Co.]*, 56 NY2d at 267; *Matter of State Farm Mut. Auto. Ins. Co. v Eastman*, 10 AD3d 690, 691 [2004]).

Moreover, since there was no agreement to arbitrate the respondent's claim, Allstate's petition to permanently stay arbitration of the respondent's claim should have been granted (*see Matter of Matarasso [Continental Cas. Co.]*, 56 NY2d at 268; *Matter of Varsames v DiMauro*, 56 AD3d 681, 681 [2008]).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Balkin, J.P., Leventhal, Chambers and Hinds-Radix, JJ., concur.