Matter of Progressive Ins. Co. v Bartner (2019 NY Slip Op 02994)





Matter of Progressive Ins. Co. v Bartner


2019 NY Slip Op 02994


Decided on April 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2019

Friedman, J.P., Sweeny, Tom, Moulton, JJ.


9061N 652286/18

[*1] In re Progressive Insurance Company, Petitioner-Appellant,
v
Fern Bartner, et al., Respondents-Respondents.


Picciano & Scahill, P.C., Bethpage (Albert J. Galatan of counsel), for appellant.
Law Office of Mark J. Fox, New York (Mark J. Fox of counsel), for respondents.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered November 5, 2018, which denied petitioner's application to stay arbitration under the supplemental underinsured motorist provision of a policy issued to nonparty Josef Traffic Consulting & Expediting Service (Josef), and dismissed the petition, unanimously reversed, on the law, without costs, the petition reinstated, and the matter remanded for a hearing on the issue of whether respondents were "occupying" Josef's van at the time of the accident.
It is for a court, not an arbitrator, to decide the threshold issue of whether respondents were occupying the van, i.e., whether they were "insureds" entitled to demand arbitration (see e.g. Matter of Continental Cas. Co. v Lecei, 47 AD3d 509 [1st Dept 2008]). Unlike the agreement in Matter of Monarch Consulting, Inc. v National Union Fire Ins. Co. of Pittsburgh, PA (26 NY3d 659, 669 [2016]), the arbitration clause in the subject policy does not say that the arbitrator will decide arbitrability.
A framed-issue hearing is required because "there is a genuine triable issue" (Matter of AIU Ins. Co. v Cabreja, 301 AD2d 448, 449 [1st Dept 2003] [internal quotation marks omitted]) as to whether respondents were occupying the van.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2019
CLERK