Matter of Utica Mut. Assur. Co. v Steward (2020 NY Slip Op 00285)





Matter of Utica Mut. Assur. Co. v Steward


2020 NY Slip Op 00285


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-13310
 (Index No. 608206/17)

[*1]In the Matter of Utica Mutual Assurance Company, respondent, 
v
Levern Steward, appellant.


Oscar Prieto (Law Offices of Michelle S. Russo, P.C., Port Washington, NY, of counsel), for appellant.
Camacho Mauro Mulholland, LLP, New York, NY (Eric Malinowski of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplemental underinsured motorist benefits, Levern Steward appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated October 2, 2018. The order, after a hearing, granted the petition.
ORDERED that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.
On August 24, 2016, Levern Steward drove a tractor-trailer owned by his employer and insured by the petitioner, Utica Mutual Assurance Company (hereinafter Utica Mutual), to a construction job site in Brooklyn. Upon arrival at the job site, Steward unloaded the trailer, parked the vehicle approximately one block away from the site, and then returned to the job site to work for the day as a construction laborer.
At the end of the work day, Steward was instructed to retrieve the tractor-trailer so that it could be reloaded for return transport. In preparation, Steward proceeded to the rear of the trailer to retrieve certain items that he and another employee had stored on the flatbed of the trailer during the day. Steward stood with his right leg on a Moffett ramp which was attached to the tractor-trailer, and reached into the trailer bed to retrieve such items. As he was stepping down from the ramp with his left leg, a minivan drove past the construction flag men and struck Steward from behind, injuring him.
The minivan that hit Steward had minimal insurance coverage, and Steward filed a Request for SUM Arbitration seeking coverage under the New York Supplementary Uninsured/Underinsured Motorists ("SUM") Endorsement of his employer's Utica Mutual commercial automobile liability insurance policy. Pursuant to CPLR 7503, Utica Mutual petitioned the Supreme Court for an order permanently staying arbitration, arguing that Steward was a pedestrian and not an occupant of the insured vehicle at the time of the subject accident, and Steward opposed the petition. After a hearing where both Steward and his supervisor testified, the court [*2]found that at the time of the accident, Steward had been away from the tractor-trailer for a protracted period of time, and had not yet assumed the status of occupant. The court granted the petition.
The SUM endorsement in the petitioner's policy, consistent with the statutory requirement, defines "occupying" as "in, upon, entering into, or exiting from a motor vehicle" (see Insurance Law § 3420[f][3]). In accordance with the liberal interpretation afforded the term "occupying" (see Rowell v Utica Mut. Ins. Co. , 77 NY2d 636, 639), we find, as a matter of law, that Steward was "upon" the tractor-trailer at the time of the accident such that he was "occupying" the tractor-trailer within the meaning of the SUM endorsement. Steward's testimony established that at the time of the accident, he had stepped upon the Moffet ramp which was attached to the tractor-trailer, and that he was struck by the minivan while his right leg was still on the ramp, and while he was stepping down with his left leg. Thus, although Steward had been away from the tractor-trailer during the work day, his testimony established that at the time of the accident, he was in physical contact with the vehicle, such that he was "occupying" it (see id. at 639). Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding.
Based upon our determination, we need not reach Steward's remaining contentions.
BALKIN, J.P., LASALLE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court