Matter of Progressive Ins. Co. v Callahan (2024 NY Slip Op 05983)

Matter of Progressive Ins. Co. v Callahan

2024 NY Slip Op 05983

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
LAURENCE L. LOVE, JJ.

2023-06182
 (Index No. 723000/22)

[*1]In the Matter of Progressive Insurance Company, appellant, 
v
John Callahan, respondent-respondent, et al., proposed additional respondents.

Morris Duffy Alonso Faley & Pitcoff, New York, NY (Iryna S. Krauchanka and Kenneth E. Pitcoff of counsel), for appellant.
Schwartzappel Lawyers P.C. (Shayne, Dachs, New York, NY [Jonathan A. Dachs], of counsel), for respondent-respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered May 22, 2023. The order, after a framed-issue hearing, denied that branch of the petition which was to permanently stay arbitration and, in effect, dismissed the proceeding.
ORDERED that the order is reversed, on the law, with costs, and that branch of the petition which was to permanently stay arbitration is granted.
On June 13, 2021, the respondent John Callahan allegedly was injured when a vehicle owned and operated by Mohammed Hossain (hereinafter the decedent), in which Callahan was a passenger, was struck by a vehicle owned and operated by the proposed additional respondent Erik A. Chimborazo Tubon, who failed to stop for a red light. At the time of the accident, the decedent was working as a driver for Lyft, Inc. (hereinafter Lyft). The decedent's vehicle was insured under a policy which contained a supplementary uninsured motorist (hereinafter SUM) endorsement. Lyft was insured by the petitioner, Progressive Insurance Company (hereinafter Progressive), and its policy also included a SUM endorsement.
In July 2021, Callahan informed Progressive that Tubon was uninsured and that Callahan intended to make a claim under the SUM endorsement of Lyft's policy. In November 2021, Callahan served Progressive with a demand for arbitration. In November 2022, Progressive commenced this proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of Callahan's claim. In opposition, Callahan asserted that the petition was untimely under CPLR 7503(c). In an order entered May 22, 2023, made after a framed-issue hearing, the Supreme Court denied that branch of the petition which was to permanently stay arbitration as untimely and, in effect, dismissed the proceeding. Progressive appeals.
"Where an insurance policy contains an agreement to arbitrate, CPLR 7503(c) requires a party, once served with a notice of intention to arbitrate, to move to stay such arbitration [*2]within 20 days after service of such notice, or else he or she is precluded from objecting" (Matter of Great N. Ins. Co. v Schwartzapfel, 216 AD3d 781, 781). However, "[w]here there is no agreement to arbitrate, a petitioner seeking a stay of arbitration is not bound by the 20-day period of limitations set forth in CPLR 7503 (c)" (Matter of Allstate Ins. Co. v Marke, 121 AD3d 1107, 1108; see Matter of Matarasso [Continental Cas. Co.], 56 NY2d 264, 267; Matter of Progressive Cas. Ins. Co. v Garcia, 140 AD3d 886). "[I]f [the respondent] is not an insured under the [subject] policy, no agreement to arbitrate existed between [the respondent] and [the insurer]" (Matter of Eagle Ins. Co. v Perez, 299 AD2d 544, 545; see Matter of Allstate Ins. Co. v Marke, 121 AD3d at 1108; Matter of Interboro Ins. Co. v Maragh, 51 AD3d 1024). Here, Callahan was not an "insured" under the subject policy, and thus, no agreement to arbitrate existed between him and Progressive. Consequently, the petitioner was not bound by the 20-day limitations period set forth in CPLR 7503(c) (see Matter of Allstate Ins. Co. v Marke, 121 AD3d at 1108).
Contrary to Callahan's contention, the terms of the policy did not demonstrate that he was an "insured" under the policy. The policy defined an "insured" as an individual who occupies "a motor vehicle insured for SUM under this policy." In order for a vehicle to be insured for SUM coverage under the policy, the accident must have occurred while the driver was operating a "TNC vehicle," which is defined as a vehicle "used by a transportation network company driver" who "is providing a transportation network company prearranged service" originating within the state of New York. Further, the policy provided that a "prearranged trip" "does not include transportation provided through . . . use of a taxicab, livery, luxury limousine, or other for-hire vehicle, as defined in . . . [Administrative Code § 19-502 of the City of New York]" (emphasis added). Pursuant to Administrative Code § 19-502(g), a "for-hire vehicle" includes "a motor vehicle carrying passengers for hire in the city" (emphasis added). Since the decedent's vehicle was being used to carry a passenger for hire within New York City at the time of the accident, it was being operated as a "for-hire vehicle," rather than as a "TNC vehicle." Thus, Callahan did not qualify as an "insured" under the terms of the policy.
Accordingly, since there was no agreement to arbitrate Callahan's claim, the Supreme Court should have granted that branch of the petition which was to permanently stay arbitration of Callahan's claim (see Matter of Matarasso [Continental Cas. Co.], 56 NY2d at 268).
Callahan's remaining contentions are without merit.
CHAMBERS, J.P., WOOTEN, VENTURA and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court