Matter of Government Empls. Ins. Co. v Liriano (2025 NY Slip Op 02413)

Matter of Government Empls. Ins. Co. v Liriano

2025 NY Slip Op 02413

Decided on April 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 24, 2025

Before: Moulton, J.P., Mendez, Rodriguez, Pitt-Burke, Rosado, JJ. 

Index No. 654945/23|Appeal No. 4176|Case No. 2024-04641|

[*1]In the Matter of Government Employees Insurance Company, Petitioner-Appellant,
v
Rosa Pons De Liriano, Respondent-Respondent.

Law Office of Proietto Peek and Elliott, Melville (Michael Avella of counsel), for appellant.

Order and judgment (one paper), Supreme Court, New York County (John J. Kelley, J.), entered on or about July 1, 2024, which denied the petition of Government Employees Insurance Company (GEICO) to permanently stay arbitration, dismissed the proceeding, and directed GEICO and respondent Rosa Pons De Liriano to proceed to arbitration, unanimously reversed, on the law, without costs, the petition granted, and the arbitration permanently stayed.
Even if not timely under CPLR 7503 (c), the petition to permanently stay arbitration should nevertheless have been granted under the "no agreement to arbitrate" exception (see Matter of Matarasso [Continental Cas. Co.], 56 NY2d 264, 267-268 [1982]; see also Matter of Travelers Prop. Cas. Corp. [Hershman], 287 AD2d 412, 412 [1st Dept 2001], lv denied 97 NY2d 610 [2002]). Respondent De Liriano was not a party to any arbitration agreement permitting arbitration of her claim for uninsured motorist benefits under the policy issued by GEICO to nonparty Senasqueris Matos, the named insured. GEICO's Supplementary Uninsured Motorists Coverage endorsement defines "insured" to include the named insured and his spouse and the relatives of either the named insured or his spouse. "Relative" is defined as a person related to the named insured who resides in his household. GEICO established through testimony that De Liriano is not an insured because, although she resides with Matos, she is not his relative by either blood or marriage. Therefore, there was never an agreement between De Liriano and GEICO to arbitrate (see Matter of Allstate Ins. Co. v Marke, 121 AD3d 1107, 1108 [2d Dept 2014]; see also Travelers, 287 AD2d at 412).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 24, 2025