Matter of Progressive Ins. Co. v Bruton (2025 NY Slip Op 04097)

Matter of Progressive Ins. Co. v Bruton

2025 NY Slip Op 04097

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2024-03506
 (Index No. 717926/23)

[*1]In the Matter of Progressive Insurance Company, appellant, 
v
Katherine Bruton, respondent, et al., proposed additional respondents.

Morris Duffy Alonso Faley & Pitcoff, New York, NY (Iryna S. Krauchanka and Amanda M. Zefi of counsel), for appellant.
Mallilo & Grossman, Flushing, NY (Ann Jen of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for supplementary underinsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered March 7, 2024. The order, insofar as appealed from, denied that branch of the petition which was to permanently stay arbitration.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the petition which was to permanently stay arbitration is granted.
In January 2023, Katherine Bruton allegedly was injured when a vehicle owned and operated by Salimjon Primatov, in which Bruton was a passenger, was struck by another vehicle in Queens. At the time of the accident, Primatov was working as a driver for Lyft, Inc. (hereinafter Lyft). Lyft was insured by the petitioner, and the policy included supplementary uninsured/underinsured motorist (hereinafter SUM) coverage.
In June 2023, Bruton submitted a claim under the SUM endorsement of Lyft's policy, and the petitioner denied the claim. In July 2023, Bruton filed a demand for arbitration of her claim for SUM benefits. In August 2023, the petitioner commenced this proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of Bruton's claim. In an order entered March 7, 2024, the Supreme Court, among other things, denied that branch of the petition which was to permanently stay arbitration. The petitioner appeals.
"An insurance policy is a written contract between an insurer and an insured and is based, in essence, on contract law" (American W. Home Ins. Co. v Gjonaj Realty & Mgt. Co., 192 AD3d 28, 38). There is no agreement to arbitrate if a party is not an insured under the policy (see Matter of Progressive Ins. Co. v Callahan, 232 AD3d 903, 904; Matter of Allstate Ins. Co. v Marke, 121 AD3d 1107, 1108). "In determining a dispute over insurance coverage, [a court must] first look to the language of the policy" (Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 221; see Holtzman v Connecticut Gen. Life Ins. Co., 213 AD3d 918, 919). "As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, [*2]and the interpretation of such provisions is a question of law for the court" (White v Continental Cas. Co., 9 NY3d 264, 267 [citation omitted]; see Parisi v Kingstone Ins. Co., 227 AD3d 1094, 1095).
Here, Bruton was not an insured under the terms of the policy. To qualify as an insured under the SUM endorsement, inter alia, the accident must have occurred while the driver was operating a transportation network company (hereinafter TNC) vehicle. The policy explicitly provided that the definition of a TNC vehicle did not include "a for-hire vehicle, as defined in section 19-502 of the administrative code of the city of New York." "Pursuant to Administrative Code § 19-502(g), a 'for-hire vehicle' includes 'a motor vehicle carrying passengers for hire in the city'" (Matter of Progressive Ins. Co. v Baby, 232 AD3d 902, 903; see Matter of Progressive Ins. Co. v Callahan, 232 AD3d at 905). Here, since Primatov's vehicle was being used to carry a passenger for hire within New York City at the time of the accident, it was being operated as a for-hire vehicle rather than a TNC vehicle. Thus, Bruton did not qualify as an insured under the terms of the policy.
Bruton's remaining contention is improperly raised for the first time on appeal.
Accordingly, the Supreme Court should have granted that branch of the petition which was to permanently stay arbitration of Bruton's claim for SUM benefits (see Matter of Progressive Ins. Co. v Callahan, 232 AD3d at 905; Matter of Progressive Ins. Co. v Baby, 232 AD3d at 903).
CONNOLLY, J.P., BRATHWAITE NELSON, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court