Matter of Continental Cas. Co. v Anderson (2026 NY Slip Op 00372)

Matter of Continental Cas. Co. v Anderson

2026 NY Slip Op 00372

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JANICE A. TAYLOR
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-06431
 (Index No. 718451/22)

[*1]In the Matter of Continental Casualty Company, appellant, 
vPhilip Scott Anderson, respondent.

London Fischer LLP, New York, NY (James Walsh of counsel), for appellant.
Morgan Levine Dolan, P.C. (Michael H. Zhu, Esq., P.C., Rego Park, NY [Beth Gereg], of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for supplemental uninsured/underinsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered June 20, 2023. The order denied the petition and dismissed the proceeding as untimely.
ORDERED that the order is affirmed, with costs.
In February 2019, Philip Scott Anderson was working in the bucket of a utility truck owned by his employer and insured by the petitioner when it was struck by a hit-and-run vehicle and Anderson allegedly was injured. Anderson's employer allegedly refused to provide its insurance information, and eventually the information was disclosed at a hearing held on January 11, 2022. On January 13, 2022, Anderson's attorney faxed the petitioner a notice of intention to make a claim for uninsured/underinsured motorist benefits. On January 19, 2022, Anderson served the petitioner with a demand for arbitration of a supplemental uninsured/underinsured motorist (hereinafter SUM) claim. In September 2022, the petitioner commenced this proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of Anderson's claim. The Supreme Court denied the petition and dismissed the proceeding as untimely. The petitioner appeals.
"CPLR 7503(c) requires a party, once served with a demand for arbitration, to move to stay such arbitration within 20 days of service of such demand, else he or she is precluded from objecting" (Matter of Steck [State Farm Ins. Co.], 89 NY2d 1082, 1084; see CPLR 7503[c]). Here, the proceeding was not commenced within 20 days of the notice of the demand for arbitration. "In order for the 20-day limitation period to be enforceable, the notice of intention to arbitrate must comply with the requirements of CPLR 7503(c)" (Matter of Ameriprise Ins. Co. v Sandy, 158 AD3d 623, 624; see Matter of Government Empls. Ins. Co. v Castillo-Gomez, 34 AD3d 477, 478). Contrary to the petitioner's contention, the demand for arbitration served upon it complied with all of the statutory requirements (see CPLR 7503[c]; Matter of Ameriprise Ins. Co. v Sandy, 158 AD3d at 625).
Where a petition to stay arbitration is made on the ground that no agreement to arbitrate exists, the 20-day time limitation in CPLR 7503(c) does not preclude raising that defense [*2](see Matter of Commerce & Indus. Ins. Co. v Nester, 90 NY2d 255, 262; Matter of Matarasso [Continental Cas. Co.], 56 NY2d 264, 267-268). This Court has determined that the 20-day limitation period does not bar review of the question of whether the person seeking coverage was an insured under the policy, reasoning that if the person claiming coverage under the insurance policy is not an insured, then no agreement to arbitrate existed (see Matter of Progressive Ins. Co. v Callahan, 232 AD3d 903, 904; Matter of Allstate Ins. Co. v Marke, 121 AD3d 1107, 1108; Matter of Interboro Ins. Co. v Maragh, 51 AD3d 1024, 1025; Matter of Aetna Cas. & Sur. Co. v Cartigiano, 178 AD2d 472, 473). Thus, the petitioner was not precluded from raising the defense that Anderson is not an insured under the policy.
The SUM endorsement in the petitioner's policy defined "insured" to include any person "occupying" the insured vehicle. Consistent with the statutory requirement, "occupying" was defined to mean "in, upon, entering into or exiting from a motor vehicle" (see Insurance Law § 3420[f][3]). In accordance with the liberal interpretation afforded the term "occupying" (see Rowell v Utica Mut. Ins. Co., 77 NY2d 636, 639), Anderson, who was inside of the bucket of the utility truck when it was struck, was, as a matter of law, "in" or "upon" the insured vehicle and "occupying" it within the meaning of the SUM endorsement when the accident occurred (see Matter of Utica Mut. Assur. Co. v Steward, 179 AD3d 815; Rosado v Hartford Fire Ins. Co., 71 AD3d 860).
The petitioner's remaining contention relates to "whether certain conditions of the contract have been complied with and not whether the parties have agreed to arbitrate" and, therefore, is precluded by the petitioner's failure to timely object to arbitration (Matter of Steck [State Farm Ins. Co.], 89 NY2d at 1084).
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
BRATHWAITE NELSON, J.P., TAYLOR, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court