OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the petition to stay arbitration denied.
 

 On August 18, 1992, appellant, while driving a vehicle, was seriously injured in an automobile accident. He recovered $300,000 to settle the claim, the maximum coverage of the tortfeasor driver’s insurance policy. Appellant possessed automobile coverage with respondent State Farm Insurance Company, with liability coverage limits of $100,000/$300,000 and underinsurance coverage of $100,000. Respondent denied appellant’s claim for underinsurance coverage, stating that appellant had recovered fully from the other motorist’s policy and that since that policy exceeded appellant’s policy, appellant was not entitled to underinsurance coverage.
 

 On October 15, 1993, appellant served a demand to arbitrate the underinsurance claim. Respondent served a motion to stay arbitration, dated February 15, 1994, more than four months after service of the demand, and sought a permanent stay of arbitration, maintaining that appellant was not entitled to underinsurance coverage. Supreme Court stayed the arbitration, concluding that appellant was not entitled to underinsurance coverage. The Appellate Division affirmed, with one Justice dissenting, finding that where an insured’s policy limits do not exceed the policy limits of the other vehicle, there is no underinsurance coverage.
 

 
 *1084
 
 CPLR 7503 (c) requires a party, once served with a demand for arbitration, to move to stay such arbitration within 20 days of service of such demand, else he or she is precluded from objecting. In
 
 Matter of Matarasso (Continental Cas. Co.)
 
 (56 NY2d 264), this Court addressed the issue of whether a motion to stay arbitration may ever properly be entertained outside the 20-day period. In
 
 Matarasso,
 
 the insured served a demand for arbitration upon the respondent Continental Casualty Company (Continental). Continental responded after 60 days and moved for a stay of arbitration on the ground that the parties never agreed to arbitrate. Matarasso claimed that Continental’s failure to respond within the 20-day period of CPLR 7503 (c) precluded the granting of a stay. In our holding, we articulated an exception to the 20-day period of CPLR 7503 (c) concluding:
 

 "a motion [to stay arbitration] may be entertained when, as here, its basis is that the parties never agreed to arbitrate, as distinct from situations in which there is an arbitration agreement which is nevertheless claimed to be invalid or unenforceable because its conditions have not been complied with” (id., at 266).
 

 Here, the parties do not dispute that appellant’s policy contained an agreement to arbitrate. As such, the clear application of the statute and the case law require a reversal in this instance.
 

 Respondent’s argument that because the other vehicle’s insurance exceeds appellant’s insurance, there is no coverage under the underinsurance provisions, relates to whether certain conditions of the contract have been complied with and not whether the parties have agreed to arbitrate. As such, respondent’s contention is outside the exception articulated by this Court in
 
 Matarasso
 
 and is barred by the CPLR 7503 (c) 20-day period to object to arbitration.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 Order reversed, etc.