■ In the Matter of CNA INSURANCE COMPANY, Respondent, v ALEXANDER CARSLEY et al., Appellants. [663 NYS2d 92] —On the Court's own motion, it is

Ordered that the upublished decision and order of this Court dated September 15, 1997, in the above-entitled case, is recalled and vacated, and the following decision and order is substituted therefor:

In a proceeding pursuant to CPLR article 75, the appeal is from an order of the Supreme Court, Westchester County (Scarpino, J.), entered December 20, 1996, which granted the application of CNA Insurance Company to stay arbitration of a claim for uninsured motorist benefits, and ordered a hearing on the issue of whether there was physical contact between the appellants' vehicle and the alleged hit-and-run vehicle.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

On September 3, 1996, the appellant Mary McCrea Carsley served the respondent, CNA Insurance Company (hereinafter CNA), with a demand for arbitration of an uninsured motorist benefits claim, alleging that she had suffered injuries in an accident with a hit-and-run driver. It is not disputed that CNA commenced the instant proceeding against the appellants to stay arbitration more than 20 days after it was served with the demand for arbitration. The basis of CNA's application was that there was no physical contact between the appellants' vehicle and the alleged offending vehicle. The Supreme Court granted CNA's petition and ordered a hearing on the issue of whether there was physical contact between the vehicles. We reverse.

"CPLR 7503 (c) requires a party, once served with a demand for arbitration, to move to stay such arbitration within 20 days of service of such demand, else he or she is precluded from

objecting" (*Matter of Steck [State Farm Ins. Co.]*, 89 NY2d 1082, 1084). As an exception to this rule, however, "a motion [to stay arbitration] may be entertained when * * * its basis is that the parties never agreed to arbitrate" (*Matter of Matarasso [Continental Cas. Co.]*, 56 NY2d 264, 266).

CNA's reliance upon the exception stated in *Matarasso (supra)* is misplaced. As in *Steck (supra)*, the parties in the instant case do not dispute that the appellants' policy contained an agreement to arbitrate. Because "[p]hysical contact is a condition precedent to an arbitration that is based on a so-called hit-and-run accident" (*Matter of Atlantic Mut. Ins. Co. v Shaw*, 222 AD2d 581; *Matter of Federal Ins. Co. v Luhmann*, 229 AD2d 438), CNA's claim, that there is no coverage under the uninsurance provisions because there was no physical contact between the appellants' vehicle and the alleged offending vehicle, "relates to whether certain conditions of the contract have been complied with and not whether the parties have agreed to arbitrate. As such, [CNA's] contention is outside the exception articulated by this Court in *Matarasso* and is barred by the CPLR 7503 (c) 20-day period to object to arbitration" (*Matter of Steck [State Farm Ins. Co.]*, *supra*, at 1084). Miller, J. P., Thompson, Joy and Luciano, JJ., concur.