■ In the Matter of NATIONWIDE INSURANCE COMPANY, Respondent, v KELLI McDONNELL, Appellant. [668 NYS2d 920] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, Kelli McDonnell appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated April 14, 1997, as granted the application of Nationwide Insurance Company to stay arbitration pending a hearing to determine whether there was physical contact between the vehicle of the deceased and the alleged hit-and-run vehicle.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the application is denied, and the proceeding to stay arbitration is dismissed.

On May 9, 1995, the appellant's deceased, William McDonnell, served Nationwide Insurance Company (hereinafter Nationwide) with a demand for arbitration of an uninsured motorist benefits claim. After its investigation indicated that there had been no physical contact between the vehicle of the deceased claimant and the alleged hit-and-run vehicle, Nationwide denied the claim and, in March 1997 made an application to stay arbitration pending a judicial determination of the issue of physical contact.

Because the issue of physical contact with the uninsured vehicle relates to whether certain conditions of coverage have

been satisfied, Nationwide's application to stay arbitration should have been brought within the 20-day limitation period set out in CPLR 7503 (c) (*see, Matter of Steck [State Farm Ins. Co.],* 89 NY2d 1082; *Matter of CNA Ins. Co. v Carsley,* 243 AD2d 474). The application was therefore untimely, and should have been denied. Mangano, P. J., Bracken, Copertino and Santucci, JJ., concur.