■ In the Matter of CNA INSURANCE COMPANY et al., Respondents, v INDIANA S. ROSA, Appellant. [676 NYS2d 500] —In a proceeding pursuant to CPLR article 75 to stay the arbitration of an uninsured motorist claim, the appeals are from (1) a decision of the Supreme Court, Suffolk County (Gowan, J.), dated August 8, 1997, and (2) an order of the same court, dated March 6, 1998, which granted the petitioners' application for a permanent stay of arbitration.

Ordered that the appeal from the decision is dismissed, as

no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed; and it is further,

Ordered that the appellant is awarded one bill of costs.

By notice dated October 12, 1996, the appellant served CNA Insurance Company (hereinafter CNA) with a demand for arbitration of her uninsured motorist claim. In May 1997, CNA and Andres Hernandez moved for a permanent stay of the arbitration or a temporary stay pending a hearing on whether the appellant's vehicle was involved in an accident with a hit-and-run vehicle.

Because the issue of physical contact with the uninsured vehicle relates to whether certain conditions of coverage have been satisfied, the application to stay arbitration should have been brought within the 20-day limitation period set forth in CPLR 7503 (c) (*see, Matter of Steck [State Farm Ins. Co.],* 89 NY2d 1082; *Matter of CNA Ins. Co. v Carsley,* 243 AD2d 474; *Matter of Nationwide Ins. Co. v McDonnell,* 248 AD2d 476). The application for a stay, which was instituted some seven months after receipt of the demand, was untimely and should have been denied. Bracken, J. P., Thompson, Pizzuto and Altman, JJ., concur.