■ In the Matter of CARMELA DELGAUDIO et al., Respondents, v AETNA INSURANCE COMPANY, Appellant. [692 NYS2d 473] —In a proceeding pursuant to CPLR 7503 to compel arbitration of an uninsured motorist claim, Aetna Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Mastro, J.), dated September 8, 1998, as, upon granting the petitioners' motion for reargument, granted the petition and directed it to submit to arbitration.

Ordered that the order is affirmed, with costs.

The appellant sought to stay arbitration on the ground that no physical contact was made between the alleged hit and run vehicle and the automobile of its insured. The Supreme Court originally granted the stay, but upon reargument directed the parties to proceed to arbitration. The Supreme Court correctly determined that the appellant was required to apply for a stay of arbitration within the 20-day time period set forth in CPLR 7503 (c) (Matter of CNA Ins. Co. v Rosa, 253 AD2d 494; Matter of Nationwide Ins. Co. v McDonnell, 248 AD2d 476; Matter of CNA Ins. Co. v Carsley, 243 AD2d 474).

For the first time on appeal, the appellant improperly attempts to raise an entirely new argument that it did in fact act to stay arbitration within the requisite 20-day period as measured from the date it received the petitions and demands after they were forwarded by the New York State Insurance Department. However, this issue may not be raised for the first time on appeal, as it does not present a dispositive issue of law discernible on the record (see, White Rose Food v Apple Orchard Farms Corp., 258 AD2d 458; M.S.N.S. Holding Corp. v City of New York, 253 AD2d 793; Matter of Matarrese v New York City Health & Hosps. Corp., 247 AD2d 475). In any event, irrespective of whether the affirmation of the appellant's at-

torney in opposition to the petition to compel arbitration was interposed on a timely basis, i.e., within 20 days (*see, Matter of Nationwide Mut. Ins. Co. [Messa],* 111 Misc 2d 957), the appellant cannot be heard to complain that it should have been granted a stay of arbitration when it never made a formal motion to stay the arbitration within the 20-day period or at any other time. The record demonstrates that the appellant failed to apply for a stay with a required motion on notice (*see,* CPLR 2211), and thus was entitled to no affirmative relief (*see, Hergerton v Hergerton,* 235 AD2d 395, 396-397). Accordingly, the petition to compel arbitration was properly granted. S. Miller, J. P., Joy, H. Miller and Feuerstein, JJ., concur.