■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v RAMON ROSADO, Respondent. [705 NYS2d 899] —In a proceeding pursuant to CPLR article 75 to stay the arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated September 30, 1999, which denied the application and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

The petitioner received the demand to arbitrate on June 1, 1999, and in August 1999 commenced this proceeding to stay the arbitration on the ground that the respondent's injuries occurred as the result of an intentional act and not an accident as defined by the policy.

Contrary to the petitioner's contention, the issue of whether or not the respondent's injuries occurred as the result of an intentional act relates to whether certain conditions of coverage have been satisfied and not whether the parties have agreed to arbitrate. The application to stay arbitration should have been brought within the 20-day limitation period set forth in CPLR 7503 (c) (*see, Matter of Steck [State Farm Ins. Co.]*, 89 NY2d 1082; *Matter of Matarasso [Continental Cas. Co.]*, 56 NY2d 264; *Matter of DelGaudio v Aetna Ins. Co.*, 262 AD2d 641; *Matter of CNA Ins. Co. v Rosa*, 253 AD2d 494; *Matter of Hartford Ins. Co. v Buonocore*, 252 AD2d 500; *Matter of Nationwide Ins. Co. v McDonnell*, 248 AD2d 476; *Matter of CNA Ins. Co. v Carsley*, 243 AD2d 474). Therefore, the proceeding to stay arbitration, which was instituted over two months after receipt of the demand, was properly denied as time-barred. Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.