■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v ANGELINA DUFFY, Respondent, and MERCHANTS MUTUAL

Insurance Company, Appellant. State Farm Indemnity Company, Proposed Additional Respondent. [772 NYS2d 588]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured/underinsured motorist claim, in which Angelina Duffy cross-petitioned, inter alia, to add Merchants Mutual Insurance Company as a party and to compel it to proceed to arbitration of her claim for uninsured/underinsured motorist benefits, Merchants Mutual Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Thomas, J.), dated October 10, 2002, as granted those branches of the cross petition which were to add it as a party and to compel it to proceed to arbitration of Angelina Duffy's claim for uninsured/underinsured motorist benefits against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Whether Angelina Duffy is entitled to uninsured/underinsured motorist benefits under a policy issued by Merchants Mutual Insurance Company (hereinafter Merchants) relates to whether certain conditions of coverage were satisfied, not whether the parties agreed to arbitrate. Accordingly, because the appellant failed to seek a stay of Angelina Duffy's demand for arbitration of her claim for those benefits within the 20-day limitation period set forth in CPLR 7503 (c), the Supreme Court properly granted those branches of Duffy's cross petition which were to add Merchants as a party and to compel it to proceed to arbitration (see CPLR 7503 [c]; Matter of Steck [State Farm Ins. Co.], 89 NY2d 1082, 1084 [1996]; Matter of Merchants Mut. Ins. Co. v Anemone, 271 AD2d 690 [2000]; Matter of Allstate Ins. Co. v Rosado, 271 AD2d 527, 528 [2000]; Matter of Allstate Ins. Co. v Taylor, 271 AD2d 443 [2000]). Ritter, J.P., Santucci, Adams and Crane, JJ., concur.