In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v ARLENE S. MASSRE et al., Respondents. [789 NYS2d 206]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the

petitioner appeals from an order of the Supreme Court, Kings County (Lodato, J.H.O.), dated February 24, 2004, which, after a hearing, denied the petition and, in effect, dismissed the proceeding.

Ordered that the order is reversed, on the law, with one bill of costs, the petition is granted, and the arbitration is permanently stayed.

The respondent Arlene S. Massre sustained injuries in a collision between a vehicle she owned and operated and a vehicle allegedly owned by a nonparty, Curol Mars, and insured under a policy issued by the respondent State Farm Mutual Automobile Insurance Company (hereinafter State Farm). State Farm disclaimed coverage of Massre's injuries on the ground, among others, that the collision was intentional. Massre thereafter submitted a claim for uninsured motorist coverage to the petitioner, Allstate Insurance Company (hereinafter Allstate), which insured her vehicle. Allstate also disclaimed coverage and she requested arbitration. After a hearing, the Supreme Court denied Allstate's petition for a permanent stay of arbitration.

The Supreme Court correctly concluded, based upon a fair interpretation of the credible evidence, that the collision was intentional and, in effect, determined that State Farm's disclaimer was valid. However, since Massre's injuries were not the result of an accident, she is precluded from recovering uninsured motorist benefits under Allstate's policy (*see State Farm Mut. Auto. Ins. Co. v Laguerre,* 305 AD2d 490 [2003]; *Matter of Government Empls. Ins. Co. v Shaulskaya,* 302 AD2d 522 [2003]; *Matter of Progressive Northwestern Ins. Co. v Van Dina,* 282 AD2d 680 [2001]; *Matter of Metro Med. Diagnostics v Eagle Ins. Co.,* 293 AD2d 751 [2002]). Moreover, we note that State Farm was not required by Insurance Law § 3420 (d) to issue a disclaimer because its denial of coverage was based upon a lack of coverage and not a policy exclusion (*see Matter of State Farm Mut. Auto. Ins. Co. v Laguerre, supra* at 491; *Matter of Metro Med. Diagnostics v Eagle Ins. Co., supra* at 752; *Central Gen. Hosp. v Chubb Group of Ins. Cos.,* 90 NY2d 195, 201 [1997]). Florio, J.P., Adams, Cozier and Mastro, JJ., concur.