In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v FIDEL R. CALDERON, Appellant. [789 NYS2d 273]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Suffolk County (Jones, J.), dated June 23, 2003, which granted the petition.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

We reject the petitioner's contention that it was not required to commence this proceeding to stay arbitration of the appellant's uninsured motorist claim within the 20-day limitation period set forth in CPLR 7503 (c). "[T]he issue of whether or not the [appellant's] injuries occurred as the result of an intentional act relates to whether certain conditions of coverage have been satisfied and not whether the parties have agreed to arbitrate" (*Matter of Allstate Ins. Co. v Rosado*, 271 AD2d 527, 528 [2000]). To the extent that *Matter of United Community Ins. Co. v Gabriel* (229 AD2d 444 [1996]), holds otherwise, it should not be followed.

Allstate's failure to seek a stay within 20 days of service of the demand for arbitration also precluded it from asserting in court that the uninsured motorist claim is barred by the statute

of limitations (*see* CPLR 7503 [c]). Accordingly, the petition for a stay of arbitration should have been denied as time-barred and the proceeding should have been dismissed. Krausman, J.P., Goldstein, Luciano and Fisher, JJ., concur.