■ In the Matter of AutoOne Insurance Company, Respondent, v Julio E. Umanzor, Appellant. Auto Palace, Inc., et al., Proposed Additional Respondents. [903 NYS2d 253]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, Julio E. Umanzor appeals from an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated February 27, 2009, which granted that branch of the petition which was to permanently stay arbitration upon the ground that he is not an insured under the subject policy.

Ordered that the order is reversed, on the law, with costs, and that branch of the petition which was to permanently stay arbitration upon the ground that Julio E. Umanzor is not an insured under the subject policy is denied.

The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay (see Matter of American Protection Ins. Co. v DeFalco, 61 AD3d 970, 972 [2009]; Matter of Utica Mut. Ins. Co. v Colon, 25 AD3d 617, 618 [2006]; Matter of Liberty Mut. Ins. Co. v Morgan, 11 AD3d 615, 616 [2004]; Matter of Government Empls. Ins. Co. v Estate of Sosnov, 275 AD2d 322 [2000]; Matter of Eagle Ins. Co. v Viera, 236 AD2d 612 [1997]; Matter of Nationwide Mut. Ins. Co. v Sparacino, 191 AD2d 635 [1993]). Here, the petition seeking to permanently stay arbitration of the appellant's claim for uninsured motorist benefits was unverified, and the petitioner offered no evidentiary proof to support its assertion that the appellant is not a "resident relative" who is entitled to coverage as an insured under the subject policy. Since the petitioner failed to sustain its initial burden of demonstrating that a factual issue exists as to whether the appellant is a "resident relative," the Supreme Court should have denied that branch of the petition which was to permanently stay arbitration upon the ground that the appellant is not an insured under the subject policy.

We do not consider the issues raised by the appellant with respect to those branches of the petition which were to permanently stay arbitration on the ground that the second vehicle involved in the subject accident was insured, or to temporarily stay arbitration pending a framed issue hearing to determine whether the second vehicle was insured. Since the Supreme Court failed to address these branches of the petition, they remain pending and undecided (see Coakley v Middle County Cent. School Dist., 73 AD3d 832 [2010]; Johnson v GEICO, 72 AD3d 900 [2010]; Matter of Interboro Ins. Co. v Maragh, 51 AD3d 1024 [2008]; Katz v Katz, 68 AD2d 536, 542-543 [1979]). Dillon, J.P., Miller, Eng and Chambers, JJ., concur.