■ In the Matter of AMERICAN COMMERCE INSURANCE Co., Respondent, v HENRY NOWICKI et al., Appellants. [990 NYS2d 870]—

In a proceeding pursuant to CPLR article 75 to temporarily stay arbitration of an underinsured motorist claim pending completion of discovery, Henry Nowicki and Grace Nowicki appeal from a judgment of the Supreme Court, Nassau County (Brandveen, J.), dated September 18, 2013, which granted the petition.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed as time-barred.

CPLR 7503 (c) requires that an application to stay arbitration be made within 20 days after service of a notice of intention to arbitrate (*see Matter of Auto One Ins. Co. v Lopez*, 88 AD3d 701

[2011]). The timeliness of a proceeding for a stay of arbitration is measured from the date of receipt of the demand for arbitration to the date of the filing of the notice of petition and petition (*see id.*; *MacLeod v County of Nassau*, 75 AD3d 57, 60 [2010]; *Matter of Eagle Ins. Co. v Brown*, 309 AD2d 749, 750 [2003]; *Matter of Eagle Ins. Co. v Pierre-Louis*, 306 AD2d 344, 345 [2003]).

Here, it is undisputed that the petitioner received the appellants' demand for arbitration of their claims on June 3, 2013, but that the petitioner did not file its notice of petition and petition until July 1, 2013, which was beyond the 20-day statute of limitations. Consequently, the proceeding is time-barred (*see Matter of Allstate Ins. Co. v Calderon*, 14 AD3d 698, 698-699 [2005]).

The petitioner's remaining contention is not properly before this Court, as it is raised for the first time on appeal and based on matter dehors the record (*see Williams v Yang Qi Nail Salon, Inc.*, 113 AD3d 843, 845 [2014]).

Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding as time-barred. Dillon, J.P., Chambers, Hall and Maltese, JJ., concur.