In the Matter of MERCHANTS PREFERRED INS. Co., Respondent, v ALLISON WALDO, Appellant. [4 NYS3d 246]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of an uninsured motorist claim, Allison Waldo appeals from an order of the Supreme Court, Nassau County (Sher, J.), dated April 2, 2013, which granted that branch of the petition which was to permanently stay arbitration and, in effect, denied, as academic, that branch of the petition which was to temporarily stay arbitration pending a framed-issue hearing.

Ordered that the order is reversed, on the law, with costs, that branch of the petition which was to temporarily stay arbitration pending a framed-issue hearing is granted, and the matter is remitted to the Supreme Court, Nassau County, for a framed-issue hearing to determine whether there was physical contact between Allison Waldo's vehicle and an alleged "hit-and-run" vehicle, and a new determination thereafter on the remaining branches of the petition.

Under a policy of insurance issued by the petitioner, Allison Waldo (hereinafter the appellant) sought uninsured motorist benefits for physical injuries she allegedly sustained in a motor vehicle accident with an unknown "hit-and-run" driver. After the petitioner disclaimed coverage, the appellant demanded arbitration of her claim. The petitioner thereafter commenced this proceeding to temporarily or permanently stay arbitration of the appellant's claim.

The petition alleged that the appellant failed, as required by the policy, to (1) report the accident within 24 hours or as soon as reasonably possible to a police, peace, or judicial officer, or

to the Commissioner of Motor Vehicles, and (2) file a sworn statement with the petitioner setting forth the facts supporting her claim. The petition further alleged that there was no physical contact with the hit-and-run vehicle. The Supreme Court granted that branch of the petition which was to permanently stay arbitration.

" 'The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay' " (*Matter of Hertz Corp. v Holmes*, 106 AD3d 1001, 1002-1003 [2013], quoting *Matter of AutoOne Ins. Co. v Umanzor*, 74 AD3d 1335, 1336 [2010]; *see Matter of Farmers Ins. / Truck Ins. Exch. v Terzulli*, 112 AD3d 628 [2013]). Thereafter, the burden shifts to the party opposing the stay to rebut the prima facie showing (*see Matter of Hertz Corp. v Holmes*, 106 AD3d at 1003; *Matter of Metropolitan Prop. & Cas. Ins. Co. v Singh*, 98 AD3d 580, 581 [2012]).

Here, the petitioner did not show the existence of evidentiary facts regarding the appellant's failure to satisfy the reporting requirement or the sworn-statement requirement, since, as to those issues, it only provided the unsupported assertions of its attorney (*see Matter of AutoOne Ins. Co. v Umanzor*, 74 AD3d at 1336; *see generally Bates v Yasin*, 13 AD3d 474 [2004]). However, the petitioner did submit evidentiary facts to establish a preliminary issue as to whether there was physical contact between the appellant's vehicle and a hit-and-run vehicle.

In opposition, the appellant raised a triable issue of fact warranting a framed-issue hearing to determine whether there was "physical contact" between her vehicle and the hit-and-run vehicle. In that respect, the appellant submitted an affidavit in which she averred that another vehicle struck her vehicle when it changed lanes, and that the other vehicle skimmed her front bumper. Since the appellant's affidavit raised a question of fact on the issue of physical contact, the Supreme Court should have conducted a framed-issue hearing to determine whether a hit-and-run vehicle was involved in the accident (*see Matter of Allstate Ins. Co. v Aizin*, 102 AD3d 679, 681 [2013]; *Matter of Utica Mut. Ins. Co. v Leconte*, 3 AD3d 534, 535 [2004]; *Matter of New York Cent. Mut. Fire Ins. Co. v Paredes*, 289 AD2d 495 [2001]). Accordingly, we reverse the order appealed from, grant that branch of the petition which was to temporarily stay arbitration pending a framed-issue hearing, and remit the matter to the Supreme Court, Nassau County, for a framed-issue hearing to determine whether there was physical contact be-

tween the appellant's vehicle and an alleged hit-and-run vehicle, and a new determination thereafter on the remaining branches of the petition. Rivera, J.P., Skelos, Roman and Miller, JJ., concur.