In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v HUA HUANG, Respondent. MTA et al., Proposed Appellants. [32 NYS3d 273]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the proposed additional respondents MTA and MTA Bus Company appeal from an order of the Supreme Court, Queens County (Raffaele, J.), entered March 31, 2015, which granted those branches of the petition which were to join MTA Bus Company as an additional respondent and to temporarily stay the arbitration pending a framed-issue hearing on the issue of whether an MTA bus was involved in the subject accident.

Ordered that the appeal by the proposed additional respondent MTA is dismissed, as it is not aggrieved by the order appealed from (*see* CPLR 5511) and, in any event, that appeal has been abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is reversed, on the law, and those branches of the petition which were to join MTA Bus Company as an additional respondent and to temporarily stay arbitration of a claim for uninsured motorist benefits pending a framed-issue hearing on the issue of whether an MTA bus was involved in the subject accident are denied; and it is further,

Ordered that one bill of costs is awarded to the proposed additional respondent MTA Bus Company.

Under a policy of insurance issued by the petitioner, Hua Huang (hereinafter the respondent) sought uninsured motorist benefits for physical injuries allegedly sustained in a motor vehicle accident with an unknown "hit-and-run" driver. The respondent demanded arbitration of the claim, and the petitioner thereafter commenced this proceeding to permanently stay the arbitration or, in the alternative, to temporarily stay the arbitration pending a framed-issue hearing on the issue of whether an MTA bus was involved in the accident. The petition sought to join MTA and MTA Bus Company as additional respondents.

In support of the petition, the petitioner submitted an unsworn and uncertified MV-104 motor vehicle accident report, signed by the respondent, stating that the respondent's vehicle was sideswiped by an MTA bus. In opposition to the petition,

the MTA and MTA Bus Company submitted evidence that no bus route ran along the intersection where the accident occurred, and that they received no report that an MTA bus was involved in an accident at that location. The Supreme Court granted those branches of the petition which were to join MTA Bus Company as an additional respondent and to temporarily stay the arbitration pending a framed-issue hearing on the issue of whether an MTA bus was involved in the subject accident.

The issue of whether there was physical contact with the insured's vehicle and an alleged hit-and-run vehicle is to be determined by the Supreme Court, and not an arbitrator (*see Matter of Allstate Ins. Co. v Aizin*, 102 AD3d 679, 681 [2013]). "Where a triable issue of fact is raised, the Supreme Court, not the arbitrator, must determine it in a framed-issue hearing, and the appropriate procedure under such circumstances is to temporarily stay arbitration pending a determination of the issue" (*Matter of Hertz Corp. v Holmes*, 106 AD3d 1001, 1003 [2013]). The party seeking a stay of arbitration has the initial burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay (*see id.* at 1002-1003).

Here, the petitioner failed to sustain its initial burden of demonstrating that a factual issue exists (*see Matter of AutoOne Ins. Co. v Umanzor*, 74 AD3d 1335, 1336 [2010]). The petitioner failed to submit sufficient evidentiary facts to substantiate the claim that an MTA bus was involved in the accident. Under these circumstances, the Supreme Court should have denied those branches of the petition which were to join MTA Bus Company as an additional respondent and to temporarily stay the arbitration pending a framed-issue hearing on the issue of whether an MTA bus was involved in the subject accident. Hall, J.P., Roman, LaSalle and Barros, JJ., concur.