Matter of Government Employees Ins. Co. v Tucci (2018 NY Slip Op 00142)





Matter of Government Employees Ins. Co. v Tucci


2018 NY Slip Op 00142


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2015-12446
2016-04905
 (Index No. 85004/15)

[*1]In the Matter of Government Employees Insurance Company, respondent, 
v
Joseph Tucci, appellant.


Monaco & Monaco, LLP, Brooklyn, NY (Frank A. Delle Donne of counsel), for appellant.
O'Connor, McGuinness, Conte, Doyle, Oleson, Watson & Loftus, LLP, White Plains, NY (Montgomery L. Effinger of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, Joseph Tucci appeals from (1) an order of the Supreme Court, Richmond County (Dollard, J.), dated June 19, 2015, which granted the petition to the extent of temporarily staying arbitration pending a framed-issue hearing, and (2) an order of the same court (Quirk, Ct. Atty. Ref.) dated October 26, 2015, which, after the framed-issue hearing, granted the petition and permanently stayed arbitration.
ORDERED that the order dated June 19, 2015, is reversed, on the law, the petition is denied, the proceeding is dismissed, and the order dated October 26, 2015, is vacated; and it is further,
ORDERED that the appeal from the order dated October 26, 2015, is dismissed as academic in light of our determination on the appeal from the order dated June 19, 2015; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
On February 1, 2014, Joseph Tucci was driving his vehicle east on SR 23A in the Town of Jewett, when he was involved in a motor vehicle accident. On the date of the accident, the vehicle was insured by the petitioner, Government Employees Insurance Company (hereinafter GEICO). Tucci alleged that while he was driving, a vehicle tried to pass him on the roadway and struck the left front section of his vehicle. As a result, Tucci lost control of his vehicle, which hit the guardrail and flipped over four times. Tucci alleged that the other driver fled the scene. Police arrived at the accident scene, and Tucci was taken by helicopter to Albany Medical Center, where he remained for approximately 17 days.
On January 7, 2015, Tucci demanded arbitration of his claim for supplementary uninsured/underinsured motorist benefits from GEICO. Thereafter, GEICO commenced this proceeding pursuant to CPLR article 75, seeking, inter alia, a permanent stay of arbitration. GEICO alleged that Tucci failed to satisfy a condition precedent to arbitration as required by the insurance policy, namely, reporting the accident to the police within 24 hours or as soon as reasonably possible, and that there was no evidence of actual physical contact with a hit-and-run vehicle. In an order [*2]dated June 19, 2015, the Supreme Court granted the petition to the extent of temporarily staying arbitration pending a framed-issue hearing "to determine insurance coverage" and referred the matter to a Court Attorney Referee to hear and determine the issue. On October 26, 2015, after the framed-issue hearing, the Court Attorney Referee granted the petition to permanently stay arbitration.
" The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay'" (Matter of Hertz Corp. v Holmes, 106 AD3d 1001, 1002, quoting Matter of AutoOne Ins. Co. v Umanzor, 74 AD3d 1335, 1336; see Matter of Allstate Ins. Co. v Martinez, 140 AD3d 743, 744; Matter of Government Empls. Ins. Co. v Hua Huang, 139 AD3d 950, 951; Matter of Government Empls. Ins. Co. v Arciello, 129 AD3d 1083, 1084; Matter of Farmers Ins./Truck Ins. Exch. v Terzulli, 112 AD3d 628). "Thereafter, the burden shifts to the party opposing the stay to rebut the prima facie showing" (Matter of Merchants Preferred Ins. Co. v Waldo, 125 AD3d 864, 865). Where a triable issue of fact is raised, the Supreme Court, not the arbitrator, must determine it in a framed-issue hearing, and the appropriate procedure under such circumstances is to temporarily stay arbitration pending a determination of the issue (see Matter of Allstate Ins. Co. v Aizin, 102 AD3d 679, 681).
Here, GEICO failed to show the existence of evidentiary facts regarding Tucci's failure to satisfy the reporting requirement or whether there was physical contact with a hit-and-run vehicle, since, as to those issues, it only provided the unsupported, conclusory assertions of its attorney (see Matter of Merchants Preferred Ins. Co. v Waldo, 125 AD3d at 865; Matter of AutoOne Ins. Co. v Umanzor, 74 AD3d at 1336; see also Matter of Government Empls. Ins. Co. v Hua Huang, 139 AD3d at 951). Accordingly, the Supreme Court should not have granted a temporary stay of arbitration and directed a framed-issue hearing.
In light of our determination, the parties' remaining contentions have been rendered academic.
MASTRO, J.P., SGROI, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court