Matter of State Farm Ins. Co. v Reid (2020 NY Slip Op 03517)





Matter of State Farm Ins. Co. v Reid


2020 NY Slip Op 03517


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2019-08015
 (Index No. 705093/19)

[*1]In the Matter of State Farm Insurance Company, respondent, 
v
Joyce Reid, appellant.


Richard S. Gershman & Assoc., P.C., Lake Success, NY, for appellant.
Goldberg, Miller & Rubin, P.C., New York, NY (Matthew D. Lavoie of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to temporarily stay arbitration of an underinsured motorist claim pending completion of discovery, Joyce Reid appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), dated May 29, 2019. The order granted the petition and temporarily stayed the arbitration.
ORDERED that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.
In this proceeding pursuant to CPLR article 75 to temporarily stay arbitration of an underinsured motorist claim, the insured, Joyce Reid, sent State Farm Insurance Company (hereinafter State Farm) a demand for supplemental underinsured motorist (hereinafter SUM) arbitration, which was received by State Farm on February 14, 2019. On March 22, 2019, State Farm filed a notice of petition and petition seeking to temporarily stay the arbitration pending the completion of pre-arbitration discovery. That notice and petition were served upon counsel for Reid by first-class mail on March 22, 2019. In her answer to the petition, Reid asserted, inter alia, that the service upon her was defective and also that the proceeding was time-barred. State Farm did not dispute that the method of service of the notice of petition and petition did not comply with CPLR 7503(c), but asked the Supreme Court to "disregard the mistake" under its broad authority pursuant to CPLR 2001 to correct mistakes. State Farm also conceded that the petition was not timely filed within the 20-day statute of limitations but explained that its good faith efforts to comply with the court's part rules had resulted in the late filing. The court granted the petition and temporarily stayed the arbitration. Reid appeals.
CPLR 7503(c) requires that an application to stay arbitration be made within 20 days after service of a demand to arbitrate. "This limitation is strictly enforced and a court has no jurisdiction to entertain an untimely application" (Matter of Metropolitan Prop. & Liab. Ins. Co. v Hancock, 183 AD2d 831, 832). CPLR 7503(c) also directs that notice of an application to stay arbitration "shall be served in the same manner as a summons or by registered or certified mail, return receipt requested."
Despite receiving a demand to arbitrate on February 14, 2019, State Farm did not file [*2]its notice of petition and petition until March 22, 2019, which was beyond the 20-day statute of limitations. Consequently, the proceeding is time-barred (see Matter of American Commerce Ins. Co. v Nowicki, 120 AD3d 670, 671).
Moreover, State Farm's notice of petition and petition to stay arbitration were served by regular first-class mail, rather than by registered or certified mail, return receipt requested. Since there was a lack of compliance with CPLR 7503(c), the present proceeding was jurisdictionally defective (see Matter of Yak Taxi v Teke, 41 NY2d 1020, 1021-1022; Matter of Hanover Ins. Co. v McIntyre, 142 AD2d 728, 729; Matter of J.P.L. Inc. v L & A Music Co., Inc., 112 AD2d 230).
Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding.
In light of our determination, we need not reach the parties' remaining contentions.
RIVERA, J.P., CHAMBERS, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court