Matter of Great N. Ins. Co. v Schwartzapfel (2023 NY Slip Op 02515)

Matter of Great N. Ins. Co. v Schwartzapfel

2023 NY Slip Op 02515

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2020-06563
 (Index No. 601491/20)

[*1]In the Matter of Great Northern Insurance Company, appellant, 
v
Steven J. Schwartzapfel, respondent.

Coffey Modica O'Meara Capowski, LLP, White Plains, NY (Sofya Uvaydov of counsel), for appellant.
Law Offices of Steven Cohn, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to temporarily stay arbitration of an uninsured motorist claim pending completion of discovery, the petitioner appeals from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered July 13, 2020. The order denied the petition and dismissed the proceeding as untimely.
ORDERED that the order is affirmed, with costs.
Steven J. Schwartzapfel, through counsel, sent the petitioner, Great Northern Insurance Company (hereinafter Great Northern), a demand for arbitration in a mailing containing other documents with a cover letter dated December 10, 2019. The mailing was received by Great Northern on December 13, 2019. On January 29, 2020, Great Northern commenced this proceeding, inter alia, to temporarily stay the arbitration pending completion of discovery. The Supreme Court denied the petition and dismissed the proceeding as untimely. Great Northern appeals.
Where an insurance policy contains an agreement to arbitrate, CPLR 7503(c) requires a party, once served with a notice of intention to arbitrate, to move to stay such arbitration within 20 days after service of such notice, or else he or she is precluded from objecting (see Matter of Steck [State Farm Ins. Co.], 89 NY2d 1082, 1084; Matter of Ameriprise Ins. Co. v Sandy, 158 AD3d 623). "This limitation is strictly enforced and a court has no jurisdiction to entertain an untimely application" (Matter of Metropolitan Prop. & Liab. Ins. Co. v Hancock, 183 AD2d 831, 832; see Matter of State Farm Ins. Co. v Reid, 184 AD3d 840). "The failure to move for a stay of arbitration within the statutory period will generally preclude objections to the arbitration after the expiration of that 20-day period" (Matter of State Farm Mut. Auto. Ins. Co. v Urban, 78 AD3d 1064, 1065).
Despite receiving the demand to arbitrate on December 13, 2019, Great Northern did not commence this proceeding until January 29, 2020, which was beyond the 20-day statute of limitations. Contrary to Great Northern's contention, it did not establish that the demand for arbitration was deceptive and intended to prevent it from timely contesting the issue of arbitrability (see Matter of Ameriprise Ins. Co. v Sandy, 158 AD3d at 625; Matter of United Servs. Auto. Assn. [*2]Prop. & Cas. Ins. Co. v DeRosa, 36 AD3d 925; cf. Rider Ins. Co. v Marino, 84 AD2d 832). The cover letter dated December 10, 2019, clearly indicated that a demand for arbitration was included as an exhibit to the letter. Moreover, Great Northern failed to proffer an affidavit from someone with personal knowledge to support its contention that it had been deceived (see Matter of Ameriprise Ins. Co. v Sandy, 158 AD3d at 625; Matter of Nationwide Ins. Co. v Singh, 6 AD3d 441, 444).
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding as untimely.
BRATHWAITE NELSON, J.P., RIVERA, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court