Matter of USAA v Ford (2024 NY Slip Op 50004(U))

[*1]

Matter of USAA v Ford

2024 NY Slip Op 50004(U)

Decided on January 8, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 8, 2024
Supreme Court, Kings County

In the Matter of the Application of USAA, Petitioner,

against
To Stay the Arbitration Demanded by Necola Ford and Claudette Campbell, Respondents.

Index No. 526715/2023

Aaron D. Maslow, J.

The following numbered papers were read on this petition: NYSCEF Document Numbers 1-14.
Upon the foregoing papers, and the Court having elected to determine the within special proceeding on submission pursuant to 22 NYCRR 202.8-f and IAS Part 2 Rules, Part I (Motions & Special Proceedings), Subpart C (Appearances), Section 6 (Personal Appearances) ("All motions [FN1]
presumptively are to be argued in person unless the Court informs the parties at least two days in advance that it has made a sua sponte determination that a motion will be determined on submission.)," and due deliberation having been had thereon, the Court determines as follows:
It is hereby ORDERED as follows:
Petitioner USAA seeks a temporary stay of arbitration to compel Respondents to provide pre-arbitration discovery with respect to a claim arising from an accident which took place February 22, 2020. With Claudette Campbell and two infants as passengers, Necola Ford operated a vehicle owned by David Barker who was insured by USAA with a Supplementary Uninsured/Underinsured Motorist coverage endorsement with limits of $100,000/$300,000 (see NYSCEF Doc No. 4). The alleged offending vehicle was owned by Stefan Sansculotte and operated by Carlos Braville. On April 15, 2022, Hon. Joy F. Campanelli, J.S.C., ordered that a default judgment be entered against Braville; not against Sansculotte because he was not timely served (see NYSCEF Doc No 6). Respondents demanded arbitration against Petitioner, claiming that the offending vehicle was uninsured. Petitioner contends a temporary stay of arbitration is [*2]necessary to obtain discovery including relevant medical reports, EUOs, and necessary physical examinations, citing such as a condition precedent to filing this claim under the insurance policy terms (see NYSCEF Doc No. 8 at 18, 25). Petitioner further requests that if Respondents are found entitled to proceed then they should be compelled to comply with pre-arbitration conditions and all contractual obligations.
" 'The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay' " (Matter of Hertz Corp. v Holmes, 106 AD3d 1001, 2002 [2d Dept 2013], quoting Matter of AutoOne Ins. Co. v Umanzor, 74 AD3d 1335; 1336 [2d Dept 2010], see Matter of Farmers Ins./Truck Ins. Exch. v Terzulli, 112 AD3d 628 [2d Dept 2013]). Thereafter, the burden shifts to the party opposing the stay to rebut the prima facie showing (see Matter of Hertz Corp. v Holmes, 106 AD3d at 1003; Matter of Metropolitan Prop. & Cas. Ins. Co. v Singh, 98 AD3d 580 [2d Dept 2012]).
Here, the Petitioner demonstrates the existence of evidentiary facts regarding Respondents' failure to satisfy the contractual obligations, including the reporting and sworn statement requirements, because discovery has yet to occur (see Umanzor, 74 AD3d 1335). Although this shifted the burden, Respondents failed to submit opposition to rebut the prima facie showing. They did not establish that they already complied by providing discovery.
The Court notes that two stipulations of adjournment were filed on NYSCEF, as Doc Nos. 11 and 13. The first stipulation filed December 18, 2023 lacked information required pursuant to IAS Part 2 Rules, Part I, Subpart D, Section III (party seeking the adjournment, good cause reason, prior adjournment details, and future motion calendar dates) (see NYSCEF Doc No. 11). Therefore, the Court rejected the adjournment stipulation on December 20, 2023 (see NYSCEF Doc No. 12). The second stipulation of adjournment was filed on December 29, 2023, and it contained further information (see NYSCEF Doc No. 13). "The reason for the Adjournment request is that there have been delays outside of the control of Respondents due to the Holidays and the timing of this Petition and there have been delays in receiving the necessary paperwork and medical records from numerous facilities" (id. ¶ B). Despite providing this additional information, the Court denied the second stipulation of adjournment. The denial was embodied in an email sent to the parties on January 2, 2024. Even though the calendar date of January 4, 2024 was the first appearance for this special proceeding, the Court felt that the petition should be determined, rather than adjourned. The Court took into consideration the following:
(1) This is a special proceeding, which is designed to be expeditiously resolved. (2) It seeks a temporary stay, not a permanent stay, so if it were granted the Respondents would not be significantly impacted by granting the relief. All that Respondents would have to do is provide standard discovery for a motor vehicle accident.
(3) The Court deemed it advisable that the parties conference the matter on January 4, with Chambers staff in order to enhance the Court's familiarity with the issues posed in this special proceeding being determined on submission.
(4) In essence, Respondents did not oppose providing discovery as required in the subject insurance policy. Therefore, the petition seeking a temporary stay of arbitration is GRANTED. Once discovery is complete, Respondents are free to pursue the arbitration. It is so ADJUDGED.
Dated: January 8, 2024
Aaron D. Maslow
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1: "Unless otherwise provided specifically with respect to special proceedings, references to motions in the within Part Rules shall be deemed to include special proceedings" (IAS Part 2 Rules, Part I, Subpart A, Section 1).