Matter of Liberty Mut. Fire Ins. Co. v Segal (2026 NY Slip Op 50401(U))

[*1]

Matter of Liberty Mut. Fire Ins. Co. v Segal

2026 NY Slip Op 50401(U)

Decided on March 26, 2026

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 26, 2026
Supreme Court, Kings County

In the Matter of the Application of Liberty Mutual Fire Insurance Company, Petitioner,

againstStephen Segal, Jordan Guirand, and Ismaille Desravines, Respondents.

Index No. 530023/2025

Callinan & Smith LLP, Wantagh (Steven Daniel Levy of counsel), for petitioner.
Chernyy Law Office, P.C., Staten Island (Nicholas A. Penkovsky of counsel) for respondents.

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 1-38.
Upon the foregoing papers, having heard oral argument, and due deliberation having been had, the within petition is determined as hereinafter set forth.
This is a special proceeding commenced pursuant to CPLR 7503 (c), seeking to permanently, or alternatively, temporarily, stay uninsured motorist insurance arbitration. The temporary stay would be for a framed-issue hearing and/or to enable petitioner to conduct pre-arbitration discovery.BackgroundPetitioner Liberty Mutual Fire Insurance Company alleges that respondents Stephen Segal, Jordan Guirand, and Ismaille Desravines intentionally staged a motor vehicle accident on January 13, 2025, when the Uber vehicle they were passengers in was struck in the rear by another vehicle, which fled the scene. As a result, it is alleged by petitioner that the uninsured motorist insurance arbitration demanded in an arbitration request served on it by counsel for respondents should be stayed. Additionally, petitioner maintains that an error by respondents' counsel in specifying the respective insurance policy number voids the arbitration request.
Among the indicia of fraud having taken place, claimed petitioner, were the following: the driver of the offending vehicle turned around and fled, one of the respondents appeared worried when inside the vehicle, the offending vehicle's Pennsylvania plate did not match its make, the respondents at first informed the driver that they were OK, ISO searches connect [*2]respondents' addresses to persons in other accidents, collisions with other Uber vehicles mimicked the circumstances of the collision at issue, and respondents failed to attend scheduled EUOs.
Respondents oppose the petition on several grounds, but principally on the grounds that the petition was untimely pursuant to CPLR 7503 (c) and that it failed to show the existence of sufficient evidentiary facts which would justify a stay.
Discussion
Insofar as is here relevant, CPLR 7503 (c) provides as follows:
A party may serve upon another party a demand for arbitration or a notice of intention to arbitrate, specifying the agreement pursuant to which arbitration is sought and the name and address of the party serving the notice. . . . An application to stay arbitration must be made by the party served within twenty days after service upon him of the notice or demand, or he shall be so precluded. Notice of such application shall be served in the same manner as a summons or by registered or certified mail, return receipt requested. Service of the application may be made upon the adverse party, or upon his attorney if the attorney's name appears on the demand for arbitration or the notice of intention to arbitrate. Service of the application by mail shall be timely if such application is posted within the prescribed period.It is undisputed that petitioner commenced the instant special proceeding by filing a notice of petition, petition, and supporting exhibits on September 2, 2025. The arbitration request form is dated March 4, 2025. While the record lacks a date when petitioner received the arbitration request form, petitioner does not deny that more than 20 days passed before commencement of the instant special proceeding. Petitioner argues that the statutory 20-day deadline for commencing a special proceeding to stay arbitration does not apply to a defense of non-coverage and relies on appellate decisions.
Matter of Matarasso (Continental Cas. Co.) (56 NY2d 264, 267 [1982]), relied on by petitioner, held that the 20-day deadline "operates only when an agreement to arbitrate exists." In the case before the Court of Appeals, the subject umbrella policy contained no provision for the arbitration of disputes. Indeed there is an agreement to arbitrate, contained within the insurance policy covering the vehicle which petitioners occupied on January 13, 2025. Petitioner, however, argues that there is no coverage due to there having been a staged or fraudulent collision,[FN1]
which petitioner equates to there being no policy.
Petitioner also relies on Matter of Government Empls. Ins. Co. v Hehl (203 AD2d 570 [2d Dept 1994], citing Matter of Matarasso, 56 NY2d 264). In holding that "[A] stay application may be entertained after the statutory time period in CPLR 7503 (c) on the basis that the parties never agreed to arbitrate a claim for which no coverage was provided," the Court noted that at issue was whether the injured claimant was a relative of an insured in the [*3]household. In the present case, respondents were occupants of the insured vehicle. Therefore, the Hehl decision does not apply; the policy provides for coverage of occupants.
In Matter of Steck (State Farm Ins. Co.) (89 NY2d 1082 [1996]), the Court of Appeals distinguished its Matarasso holding in a situation where the issue raised by the injured claimant's insurer was whether the tortfeasor vehicle's insurance exceeded the underinsured motorist coverage of the respondent. This, held the Court, related "to whether certain conditions of the contract have been complied with and not whether the parties have agreed to arbitrate" (id. at 1084). Therefore, the 20-day period to object to arbitration applied. Later on, in Matter of Fiveco, Inc. v Haber (11 NY3d 140 [2008] [dispute regarding whether payment extended agreements]), the Court of Appeals held that the viability of contracts containing an agreement to arbitrate is not an issue which excuses compliance with the 20-day deadline. Accordingly, when an insurer opposes arbitration based on "conditions of coverage," it is not excused from complying with CPLR 7503 (c)'s 20-day deadline.
In terms of other case law relied on by petitioner, this Court notes that the latter cited Matter of Allstate Ins. Co. v Masse (14 AD3d 610 [2d Dept 2005]) for the proposition that "The Courts of the State of New York routinely hold that an automobile incident, which is the product of a staged or cause of event, is not a covered loss under the applicable policy of insurance" (NYSCEF Doc No. 36 ¶ 5). While that is generally a correct statement of the law (e.g. Matter of Metro Med. Diagnostics v Eagle Ins. Co., 293 AD2d 751 [2d Dept 2002]),[FN2]
there was no issue over timeliness of a petition to stay arbitration in Masse. The Court did hold that no disclaimer was necessary (see Matter of Allstate Ins. Co. v Masse, 14 AD3d at 611). Whether there is coverage for a staged collision is an issue distinct from whether a disclaimer is necessary.
Where an insurer seeks to avoid arbitrating an uninsured or underinsured motorist insurance claim on the asserted ground that there was no true accident, but rather the subject collision was the product of fraud, as petitioner alleges—"[T]he Respondents breached the fraud provision of the insurance policy issued by the Petitioner" (NYSCEF Doc No. 36 ¶ 3)—this implicates a condition of coverage and, hence, the 20-day deadline applies.
The decision in Matter of Allstate Ins. Co. v Rosado (271 AD2d 527, 528 [2d Dept 2000] [emphasis added]) controls the special proceeding at bar:
Contrary to the petitioner's contention, the issue of whether or not the respondent's injuries occurred as the result of an intentional act relates to whether certain conditions of coverage have been satisfied and not whether the parties have agreed to arbitrate. The application to stay arbitration should have been brought within the 20-day limitation period set forth in CPLR 7503 (c) (see, Matter of Steck [State Farm Ins. Co.], 89 NY2d 1082; Matter of Matarasso [Continental Cas. Co.], 56 NY2d 264; Matter of DelGaudio v Aetna Ins. Co., 262 AD2d 641; Matter of CNA Ins. Co. v Rosa, 253 AD2d 494; Matter of Hartford Ins. Co. v Buonocore, 252 AD2d 500; Matter of Nationwide Ins. Co. v McDonnell, 248 AD2d 476; Matter of CNA Ins. Co. v Carsley, 243 AD2d 474). Therefore, the proceeding to stay arbitration, which was instituted over two months after receipt of the demand, was properly denied as time-barred.The Second Department adhered to this holding in Matter of Allstate Ins. Co. v Calderon (14 AD3d 698, 698-699 [2d Dept 2005]):
We reject the petitioner's contention that it was not required to commence this proceeding to stay arbitration of the appellant's uninsured motorist claim within the 20-day limitation period set forth in CPLR 7503 (c). "[T]he issue of whether or not the [appellant's] injuries occurred as the result of an intentional act relates to whether certain conditions of coverage have been satisfied and not whether the parties have agreed to arbitrate" (Matter of Allstate Ins. Co. v Rosado, 271 AD2d 527, 528 [2000]). To the extent that Matter of United Community Ins. Co. v Gabriel (229 AD2d 444 [1996]), holds otherwise, it should not be followed.Allstate's failure to seek a stay within 20 days of service of the demand for arbitration also precluded it from asserting in court that the uninsured motorist claim is barred by the statute of limitations (see CPLR 7503 [c]). Accordingly, the petition for a stay of arbitration should have been denied as time-barred and the proceeding should have been dismissed. Inasmuch as petitioner's claim that respondents engaged in fraud implicates a claim of intentional conduct, the Court is constrained to sustain their argument that the 20-day deadline provided for in CPLR 7503 (c) applies.[FN3]
There can be no temporary stay for the purpose of a framed-issue hearing.
As noted above, respondents also claim that petitioner failed to show the existence of sufficient evidentiary facts which would justify a stay. In connection with the need to show the existence of sufficient evidentiary facts, it has been held:
" 'The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay' " (Matter of Hertz Corp. v Holmes, 106 AD3d 1001, 1002 [2013], quoting Matter of AutoOne Ins. Co. v Umanzor, 74 AD3d 1335, 1336 [2010]; see Matter of Allstate Ins. Co. v Martinez, 140 AD3d 743, 744 [2016]; Matter of Government Empls. Ins. Co. v Hua Huang, 139 AD3d 950, 951 [2016]; Matter of Government Empls. Ins. Co. v Arciello, 129 AD3d 1083, 1084 [2015]; Matter of Farmers Ins./Truck Ins. Exch. v Terzulli, 112 AD3d 628 [2013]). "Thereafter, the burden shifts to the party opposing the stay to rebut the prima facie showing" (Matter of Merchants Preferred Ins. Co. v Waldo, 125 AD3d 864, 865 [2015]). Where a triable issue of fact is raised, the Supreme Court, not the arbitrator, must determine it in a framed-issue hearing, and the appropriate procedure under such circumstances is to temporarily stay arbitration pending a determination of the issue (see Matter of Allstate Ins. Co. v Aizin, 102 AD3d 679, 681 [2013]).Here, GEICO failed to show the existence of evidentiary facts regarding Tucci's failure to satisfy the reporting requirement or whether there was physical contact with a hit-and-run vehicle, since, as to those issues, it only provided the unsupported, conclusory assertions of its attorney (see Matter of Merchants Preferred Ins. Co. v Waldo, 125 AD3d at 865; [*4]Matter of AutoOne Ins. Co. v Umanzor, 74 AD3d at 1336; see also Matter of Government Empls. Ins. Co. v Hua Huang, 139 AD3d at 951). Accordingly, the Supreme Court should not have granted a temporary stay of arbitration and directed a framed-issue hearing. (Matter of Government Empls. Ins. Co. v Tucci, 157 AD3d 679, 680 [2d Dept 2018]; see Allstate Fire & Cas. Ins. Co. v Rios, 245 AD3d 813 [2d Dept 2026].)The allegations of petitioner relating what it contends form the indicia of fraud are concerning, yet the evidence submitted in support fails to rise to "sufficient evidentiary facts" (Matter of Government Empls. Ins. Co. v Tucci, 157 AD3d at 680). There is nothing to show that the attorney verifying the petition possessed personal knowledge of the factual allegations (see id.). Petitioner did submit an affirmation from Collin Marsh, an investigator, but his statements are hearsay to the extent they rely on statements from the driver, Emmanuel Epiecs Cabral Vargas, or documents. The police report submitted as Exhibit 2 is not certified. To the extent that Investigator Collin Marsh conducted a recorded interview of the driver, the transcript (NYSCEF Doc No. 7) constitutes inadmissible hearsay inasmuch as Vargas was not sworn. Photos and videos have not been properly authenticated (see Matter of M.S. v M.H., NY3d , 2026 NY Slip Op 00825 [2026]). The ISO query results purportedly evidencing prior accidents involving people with the same addresses of respondents were not authenticated as business records of anyone (see State Farm Fire & Cas. Co. v. R.L., 78 Misc 3d 1241[A], 2023 NY Slip Op 50497[U] [Sup Ct, Nassau County 2023]; A.B. Med Servs., PLLC v State Farm Mut. Auto. Ins. Co., 7 Misc 3d 822 [Civ Ct, Kings County 2005]). In light of this, the Court concludes that petitioner failed to show the existence of sufficient evidentiary facts to establish a preliminary issue which would justify a temporary stay pending a framed-issue hearing.
Further, the Court addresses the branch of the petition seeks discovery from respondents. Since petitioner did not commence the within proceeding within the 20-day deadline, this branch must likewise be denied. As stated, "Moreover, it was improper for the Supreme Court to have directed discovery in the event that the matter proceeded to arbitration since a failure to move to stay arbitration within the applicable 20-day time period is a bar to judicial intrusion into the arbitration proceedings [citation omitted]" (Matter of State Farm Mut. Auto. Ins. Co. v Urban, 78 AD3d 1064, 1066 [2d Dept 2010]; see Matter of Great N. Ins. Co. v Schwartzapfel, 216 AD3d 781 [2d Dept 2023]; Matter of State Farm Ins. Co. v Reid, 184 AD3d 840 [2d Dept 2020]).
Finally, the Court also finds that petitioner's claim that the error in specifying the subject insurance policy number warrants staying the uninsured arbitration is without merit. Petitioner was not misled; it was able to deduce which policy covered the subject collision (see Matter of Great N. Ins. Co. v Schwartzapfel, 216 AD3d 781; Matter of Nationwide Ins. Co. v Singh, 6 AD3d 441 [2d Dept 2004]). There is no evidentiary showing that the error in the policy number caused petitioner to commence this proceeding in an untimely manner (cf. Northern Assur. Co. of Am. v Bollinger, 256 AD2d 580 [2d Dept 1998). The claim number was accurate (see Matter of Nassau Ins. Co. [Clemente], 100 AD2d 969 [2d Dept 1984] ["Although in certain situations a defective notice of intention to arbitrate will preclude enforcement of the 20-day limitation period (see State Farm Mut. Auto. Ins. Co. v Szwec, 36 AD2d 863), the notice of intention at bar was proper."]).
Conclusion
Accordingly, it is hereby ORDERED and ADJUDGED that petitioner Liberty Mutual Fire Insurance Company's petition to permanently, or alternatively, temporarily, stay uninsured [*5]motorist insurance arbitration concerning uninsured motorist insurance claims of respondents Stephen Segal, Jordan Guirand, and Ismaille Desravines resulting from a January 13, 2025 occurrence is DENIED in its entirety, and the within special proceeding is DISMISSED.

Footnotes

Footnote 1:This Court declines to use the phrases "staged accident" or "fraudulent accident," which appear to be the nomenclature of choice in cases involving incidents where motor vehicle insurance fraud is alleged, inasmuch as those phrases are oxymorons. By definition an accident is a chance occurrence, not an incident brought about through an intentional, collusive act. Rather, the Court prefers to use "collision" instead of "accident."

Footnote 2:Whether an insured occurrence was intentional or accidental is viewed from the perspective of the insured (see State Farm Mut. Auto. Ins. Co. v Langan, 16 NY3d 349 [2011]).

Footnote 3:To the extent that this Court's prior decision in Matter of Liberty Mut. Ins. Co. v Wilson (86 Misc 3d 1231[A], 2025 NY Slip Op 51076[U] [Sup Ct, Kings County 2025]) held otherwise, it was in error.